UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

MELISSA ARZU, individually and as the Adminstrator of the Estate of KEVIN ISMAEL GREENIDGE, Deceased and MELISSA ARZU individually,

                Plaintiffs,

-against-

AMERICAN AIRLINES, INC.,

                Defendant.

Case No. 1:23-cv-02116 (SDA)

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION
AND FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 5

RELEVANT FACTUAL ALLEGATIONS ................................................................................. 5

ARGUMENTS .............................................................................................................................. 2

    Standard of Review Under Rule 12(b)(2) ............................................................................ 2

    This Court Does Not Have General Jurisdiction Over AA ................................................. 3

    This Court Does Not Have Specific Jurisdiction Over AA ................................................ 5

    Plaintiffs' Wrongful Death and Survivorship Claims Are Preempted the Montreal Convention and Must be Dismissed Pursuant to Rule 12(b)(6) ......................................... 9

    Plaintiffs' Punitive Damage Claim is Not Actionable Under The Montreal Convention and Must be Dismissed Pursuant to Rule 12(b)(6) ..................................... 12

    Plaintiffs' Attorney's Fee Claim is Not Actionable Under The Montreal Convention and Must be Dismissed Pursuant to Rule 12(b)(6) ..................................... 12

CONCLUSION ........................................................................................................................... 14

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In Re Air Crash at Belle Harbor*,
   2002 WL 31356266 (S.D.N.Y. October 17, 2002) ............................................................... 11

*In Re Air Disaster at Lockerbie*,
   928 F.2d 1267, 1273 (2nd Cir. 1991) ), *cert. denied*, Rein v Pan American World
   Airways, 502 U.S. 920 (1991), *rev'd on other grounds*, Zicherman v. Korean Air
   Lines, Co., 516 U.S. 217 (1996) ..................................................................................... 11, 13

*Assaf v Port Authority of New York and New Jersey, et. al.*,
   2021 WL 2418243 (S.D.N.Y. June 14, 2021) ................................................................ 2, 5, 6

*Badar v Swissport USA, Inc.*,
   53 F. 4th 739 (2nd Cir. 2022) ............................................................................................... 11

*Beacon Enterprises, Inc. v. Menzies*,
   715 F.2d 757 (2d Cir, 1983) ................................................................................................... 5

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2nd Cir. 2007) ................................................................................................. 5

*BNSF Ry. Co. v. Tyrrell*,
   137 S. Ct. 1549 (2017) ............................................................................................................ 4

*Brown v. Lockheed Martin Corp.*,
   814 F.3d 619 (2nd Cir. 2016) ................................................................................................. 2

*Cordice v. LIAT Airlines*,
   2015 WL 5579868 (E.D.N.Y. Sept. 22, 2015) .................................................................... 5, 7

*D&R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*,
   29 N.Y.3d 292 (2017) ............................................................................................................. 5

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ............................................................................................................ 3, 4

*Dochak v Polski Linie Lotnicze Lot, S.A.*,
   2017 WL 236570 (N.D. Ill. May 30, 2017) ......................................................................... 13

*El Al Isr. Airlines v. Tsui Yuan Tseng*,
   525 U.S. 155 (1999) ............................................................................................................. 11

*Elsevier, Inc. v. Grossman*,
   77 F. Supp. 3d 331 (S.D.N.Y. 2015) ...................................................................................... 9

*Espinoza Ugaz v. Am. Airlines, Inc.*,
   576 F. Supp. 2d 1354 (S.D. Fla. 2008) ..................................................................... 10, 11, 12

*Gelfand v. Tanner Motor Tours, Ltd.*,
   339 F.2d 317 (2nd Cir. 1964) .................................................................................................. 6

*Gordon v Chambers*,
   2021 WL 9183819 (E.D.N.Y. January 29, 2021) ............................................................... 2, 3

*H.B. v China Southern Airlines Co., Ltd.*,
   2021 WL 2581151 (S.D.N.Y. June 23, 2021) ..................................................................... 2, 7

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*,
   918 F.2d 1039 (2nd Cir. 1990) .................................................................................................. 3

*Lensky v Yollari*,
   2021 WL 4311319 (S.D.N.Y. 2021) ............................................................................. 3, 5, 6, 7

*Licci v. Leb. Can. Bank, SAL*,
   20 N.Y.3d 327 (2012) .................................................................................................................. 6

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
   673 F.3d 50 (2nd Cir. 2012) ...................................................................................................... 2

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
   732 F.3d 161 (2nd Cir. 2013) .................................................................................................... 5

*Mateo v. JetBlue Airways Corp.*,
   847 F. Supp. 2d 383 (E.D. N.Y. 2012) .................................................................................. 12

*Paradis v. Ghana Airways, Ltd.*,
   348 F. Supp. 2d 106 (S.D.N.Y. 2004) .................................................................................... 11

*Pickett v Migos Touring, Inc.*,
   420 F. Supp. 3d 197 (S.D.N.Y. 2019) ...................................................................................... 3

*RLS Assocs., LLC v. United Bank of Kuwait PLC*,
   464 F. Supp. 2d 206, 213 (S.D.N.Y. 2006) ........................................................................... 13

*Ruhrgas AG v. Marathon Oil Co.*,
   526 U.S. 574 (1999) ..................................................................................................................... 2

*In re Sept. 11 Litig.*,
   500 F. Supp. 2d 356 (S.D.N.Y. 2007) .................................................................................... 13

*Spiegel v Schulmann*,
   604 F.3d 72 (2nd Cir. 2010) ...................................................................................................... 3

*In re Sumitomo Copper Litig.*,
   120 F. Supp. 2d 328 (S.D.N.Y. 2000) ...................................................................................... 8

*Tebedo v. Nye*,
   256 N.Y.S.2d 235 (N.Y. Sup. Ct. 1965) .................................................................................. 9

*Thomas v Ashcroft*,
    470 F.3d 491 (2nd Cir. 2006) ............................................................................................... 2

*Walden v Fiore*,
    571 U.S. 277 (2014) ............................................................................................................ 6

*Whitaker v. Am. Telecasting, Inc.*,
    261 F.3d 196 (2d Cir. 2001) ............................................................................................ 3, 8

*Wiwa v. Royal Dutch Petrol. Co.*,
    226 F.3d 88 (2nd Cir. 2000) ................................................................................................ 3

*Zito v United Airlines, Inc.*,
    523 F. Supp. 3d 377 (W.D.N.Y. 2021) ..................................................................... 2, 4, 5, 7

**Rules**

CPLR §302(a)(1): (1) ...................................................................................................................... 5

CPLR. § 302(a)(2) ..................................................................................................................... 7, 8

NYCPLR. § 301 ............................................................................................................................. 3

NYCPLR. § 302(a)(1) ........................................................................................................... *passim*

NYCPLR. § 302(a)(3) ................................................................................................................. 8, 9

NYCPLR. § 302(a)(4) .................................................................................................................... 9

Rule 12(b)(2) .................................................................................................................... 5, 2, 5, 14

Rule 12(b)(6) ....................................................................................................................... 5, 9, 12

**Other Authorities**

The Convention for the Unification of Certain Rules for International Carriage by Air,
    art. 55, May 28, 1999, SA. Treaty Doc. No. 106-45, ICAO Doc. No. 9740, 2242
    U.N.T.S. 350 ..................................................................................................................... 10

*Montreal Convention*, art. 17 ...................................................................................................... 10

*Montreal Convention*, art. 29 ................................................................................................ 10, 12

*Montreal Convention*, Ch. 3, Art. 22(6) ...................................................................................... 12

*Montreal Convention*, Ch. 3, Art. 29 .......................................................................................... 12

S. Treaty Doc. 106-45 (2003),
    https://www.icao.int/secretariat/legal/list%20of%20parties/mtl99_en.pdf ........................ 10

## PRELIMINARY STATEMENT

Defendant, American Airlines, Inc. ("**AA**"), submits this Memorandum of Law in support of its Rule 12(b)(2) Motion to Dismiss Plaintiffs' Complaint ("**Complaint**") for lack of personal jurisdiction and in support of its Rule 12(b)(6) Motion to Dismiss Count I (wrongful death), Count II (survivorship) and the punitive damage and attorney's fees portions of Count III (Montreal Convention) of the Complaint for failure to state a claim upon which relief can be granted.

## RELEVANT FACTUAL ALLEGATIONS

Kevin Greenidge ("**Greenidge**") suffered arrest while a passenger on AA's international flight from Honduras to Miami, Florida on June 4, 2022. Complaint, ¶¶ 7, 8 & 15. Plaintiffs allege that Greenidge's death was negligently caused (in whole or in part) by AA's: 1) failure to have a functioning onboard Automated External Defibrillator ("**AED**")[1]; 2) negligent training of its employees; 3) medical negligence; and 4) other non-specific negligent acts or omissions.  Complaint, ¶¶ 16, 17 & 18. Plaintiffs assert causes of action for: (I) Negligence/Gross Negligence Resulting in Wrongful Death; (II) Survivorship; and (III) Damages Under the Montreal Convention.

Plaintiffs allege that Greenidge and his mother, Melissa Arzu ("**Arzu**"), were "at all times relevant to [the] Complaint" residents of New York. Complaint, ¶¶ 1 & 2. Plaintiffs allege AA is a Delaware corporation, with its principal place of business in a state other than New York.[2] Complaint, ¶¶ 3 & 4. The only stated basis for personal jurisdiction over AA is the allegation that AA conducts "substantial business…in [New York]." Complaint, ¶ 6.

---

[1] While not pertinent to this Motion, in truth and in fact, the AED functioned normally, administering between one and five electrical shocks to Greenidge according to nearby passengers, two flight attendants, and an onboard physician and nurse.
[2] Plaintiffs' Civil Cover Sheet [DE 1-1].

## ARGUMENTS

### Standard of Review Under Rule 12(b)(2)

It is Plaintiffs' burden to plead sufficient facts to establish a prima facie basis for this Court's exercise of personal jurisdiction over AA. *Gordon v Chambers*, 2021 WL 9183819 at *2 (E.D.N.Y. January 29, 2021); *Assaf v Port Authority of New York and New Jersey, et. al*., 2021 WL 2418243 at *2 (S.D.N.Y. June 14, 2021), citing *Thomas v Ashcroft*, 470 F.3d 491, 495 (2nd Cir. 2006). While Plaintiffs' "well pled factual" jurisdictional allegations must be accepted as true, the Court need not accept as true legal conclusions, conclusory factual allegations or factual inferences asserted in support of this Court's exercise of jurisdiction over AA. *H.B. v China Southern Airlines Co., Ltd.*, 2021 WL 2581151 at *2 (S.D.N.Y. June 23, 2021), citing *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2nd Cir. 2012).

It is hornbook law that a federal court must have personal jurisdiction over a defendant before the court may adjudicate the merits of a case, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999), .and that personal jurisdiction can be specific or general. *Brown v. Lockheed Martin Corp*., 814 F.3d 619, 624 (2nd Cir. 2016).  General jurisdiction "permits a court to adjudicate any cause of action against [a] corporate defendant, wherever arising, and whoever the plaintiff," so long as the corporate defendant can be deemed "at home" in the forum state. *Id*. at 624-625. Specific jurisdiction "is available when the cause of action...arises out of the defendant's activities in a state," even when the defendant is not "at home" in the forum. *Id*. at 624.

Even in federal question cases and in the absence of a federal statute specifically directing otherwise, "both kinds of personal jurisdiction are governed by the law of the state in which the court is located" and by the limits of Due Process. *Zito v United Airlines, Inc*., 523 F.

2

Supp. 3d 377, 382 (W.D.N.Y. 2021), citing *Spiegel v Schulmann*, 604 F.3d 72, 76 (2nd Cir. 2010); *Gordon*, 2021 WL 9183819 at *2. *see also*, *Pickett v Migos Touring, Inc.*, 420 F. Supp. 3d 197, 203 (S.D.N.Y. 2019). Accordingly, this Court must engage in a "two-part analysis." *Pickett,* 420 F. Supp. 3d at 202.  First, the Court looks to the relevant long-arm statute of the forum state which, in this case, is New York. *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 208 (2d Cir. 2001). If the exercise of jurisdiction is appropriate under New York's long-arm statute, the Court must then decide whether such exercise would comport with Due Process. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).

**This Court Does Not Have General Jurisdiction Over AA**

The Montreal Convention does not provide for nationwide service of process or confer nationwide personal jurisdiction over those entities subject to its provisions. *Lensky v Yollari*, 2021 WL 4311319 at *3 (S.D.N.Y. 2021) (rejecting argument that the Montreal Convention confers personal jurisdiction, noting "court have consistently concluded that the Montreal Convention affords subject matter jurisdiction, not personal jurisdiction.") (collecting cases). Thus, the propriety of this Court's exercise of general jurisdiction over AA is governed by reference to New York's general long arm statute, N.Y. Civil Practice Law & Rules ("**CPLR**") §301.

Pursuant to CPLR. § 301,[3] a New York court may exercise general jurisdiction over an out-of-state defendant if the defendant "engaged in 'continuous, permanent, and substantial activity in New York." *Wiwa v. Royal Dutch Petrol. Co*., 226 F.3d 88, 95 (2nd Cir. 2000) (quoting *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.,* 918 F.2d 1039, 1043 (2nd Cir. 1990)). However, despite the broad wording of CPLR. § 301, the U.S. Supreme Court has

---

[3] CPLR. § 301 – "A court may exercise such jurisdiction over persons, property, or status  as might have been exercised heretofore."

3

rejected the notion that general jurisdiction can be exercised in every state in which a corporation engages in "substantial, continuous, and systematic course of business," describing the idea as "unacceptably grasping" and contrary to Due Process. *Daimler*, 571 U.S. at 136-139. Instead, in all but the "exceptional case," *id*, at 139, n. 19, general jurisdiction over a corporation is limited to its place of incorporation and its principal place of business." *Id*, at 137; *see also*, *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017).

Accordingly, in *Zito v United Airlines, Inc.*, a New York federal court concluded that it could not exercise general jurisdiction over United Airlines even though the airline (like AA in this case) was alleged to have "regularly and continually conduct[ed] and transact[ed] business, and contract[ed] to supply goods and services, within the State of New York." 523 F. Supp. 3d at 383. Citing *Daimler*, the court based its conclusion on the facts that United (like AA) was not incorporated in New York and did not have its principal place of business in New York. *Id.* The Court also concluded that the case was not an "exceptional case" even though the Plaintiff was a New York resident who purchased a ticket in New York and was injured on the first leg of his return flight to New York. *Id* at 380, 384.

Thus, Plaintiffs' allegation that AA conducts "substantial business" in New York, Complaint, ¶6, is legally insufficient to allow the Court's exercise of general jurisdiction over AA since "even a company's…substantial, continuous and systematic course of business is alone insufficient to render it at home in a forum." *Daimler*, 571 U.S. at 139 note 19. Plaintiff's allegation that AA is a Delaware corporation with a principal place of business in a state other than New York is insufficient to demonstrate that this case is an "exceptional case" as contemplated by *Daimler* so as to otherwise permit this Court's exercise of general jurisdiction over AA. Thus, this Court has no general jurisdiction over AA.

4

**This Court Does Not Have Specific Jurisdiction Over AA**

While not referenced in the Complaint as a basis for exercising personal jurisdiction over AA, **CPLR. § 302(a)(1)** states that "as to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary who in person or through an agent ...transacts any business within the state or contracts anywhere to supply goods or services in the state." CPLR §302(a)(1). This statute is inapplicable to Plaintiffs' overseas personal injury claims since it is "typically invoked for a cause of action against a defendant who breaches a contract with plaintiff, or commits a commercial tort against plaintiff in the course of transacting business or contracting to supply goods or services in New York." *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757 (2d Cir, 1983). *Cordice v. LIAT Airlines*, 2015 WL 5579868 at *4 (E.D.N.Y. Sept. 22, 2015); *Zito*, 523 F. Supp. 3d at 384-385.

Further, there are two components to the applicability of CPLR §302(a)(1): (1) "[t]he defendant must have transacted business within the state" and (2) "the claim asserted must arise from that business activity." *Assaf*, 2021 WL 2418243 at *3 (citing, *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2nd Cir. 2013)). While AA does not contest that it transacts business within New York, it is clear that Plaintiffs' claims do not "arise from" AA's New York business activities.

A claim "arises from" business activity only where there is "a substantial relationship between the claim asserted and the [defendant's] actions that occurred in New York." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2nd Cir. 2007); *Lensky*, 2021 WL 4311319 at *4; *Assaf*, 2021 WL 2418243 at *3. A substantial relationship exists "where at least one element [of the claim asserted] arises from the [defendant's] New York contacts." *Lensky*, 2021 WL 4311319 at *4, *citing*, *D&R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 29

N.Y.3d 292, 299 (2017); *Licci v. Leb. Can. Bank, SAL,* 20 N.Y.3d 327, 339, 341 (2012). In other words, "the defendant's suit-related conduct must create a substantial connection with the forum…" *Lensky,* 2021 WL 4311319 at *6 (*citing*, *Walden v Fiore*, 571 U.S. 277, 284 (2014)).

The Complaint does not allege any facts establishing a substantial connection between AA's conduct in New York and Plaintiffs' claims, or that any element of those claims. In fact, there are no allegations that AA engaged in any suit-related conduct in New York. The only alleged connection between Plaintiffs' claims and New York is that Plaintiffs area/were residents of New York, but Plaintiffs' residency is not an element of any claim asserted in the Complaint. *See* Complaint, ¶2 ("At all times relevant to this Complaint, Plaintiff Arzu was the mother of … Greenidge and they…cohabitated together in…New York.").

In sum, specific jurisdiction over AA under CPLR §302(a)(1) is not established by the facts that Plaintiffs are/were New York residents, who may have purchased their tickets in New York, for travel to and from New York. A sampling of cases confirming the limited reach of §302(a)(1) include the following - *See Gelfand v. Tanner Motor Tours, Ltd*., 339 F.2d 317, 321-22 (2nd Cir. 1964) (finding no specific jurisdiction where New York resident purchased bus ticket in New York and was injured on bus trip between Nevada and Arizona; "We cannot…agree that plaintiffs' cause of action in tort arose from [the sale of the bus tickets in New York since] the alleged negligence of defendants, the subsequent injury to plaintiffs, and every relevant occurrence connecting these two events, all took place three thousand miles from Long Island, New York."); *Assaf,* 2021 WL 2418243 at *4 ("…while Plaintiffs' ticket purchase may have been a but-for cause of the injury [outside of New York], that alone does not establish the requisite relatedness between the transaction and the cause of action."); *Lensky,* 2021 WL 4311319 at *1 & 4 (rejecting assertion of specific jurisdiction where the only connection to

New York was that the Plaintiffs, who suffered injuries outside of New York, were New York residents traveling internationally to and from New York on tickets purchased in New York); *H.B.,* 2021 WL 2581151 at *4-5 (specific jurisdiction not established where New York resident purchased airline ticket in New York for international travel to/from New York and was injured in China on segment of her international flights; the Court noting – "the entirety of Defendant's alleged conduct…relevant to Plaintiff's injuries occurred thousand of miles from New York."); *Zito*, 523 F. Supp. 3d at 385 (specific jurisdiction not established where New York resident purchased airline ticket in New York and was injured in Florida upon departure of his return flight to New York); *Cordice*, 2015 WL 5579868 at *4 (no specific jurisdiction found since "the cause of action arises not from the sale of the ticket, but from an alleged tort that took place on a flight from Trinidad and Tobago to St. Vincent. The mere purchase of a ticket in New York is insufficient to establish personal jurisdiction based upon an injury that occurred elsewhere while travelling on that ticket.").

Further, the possibility that one or more plaintiffs suffered "foreseeable" collateral effects in New York of a death occurring in international air space outside of New York is legally insufficient to allow this Court's exercise of personal jurisdiction over AA. *Lensky,* 2021 WL 4311319 at *7 ("the fact that harm in the forum state is foreseeable…is insufficient for the purpose of establishing specific personal jurisdiction over a defendant"). Accordingly, §302(a)(1) does not provide a basis for specific personal jurisdiction over AA in this case.

While not referenced in the Complaint as a basis for exercising personal jurisdiction over AA, **CPLR. § 302(a)(2)** states: "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary who in person or through an agent ...commits a tortious act within the state, except as to a cause

7

of action for defamation…" CPLR. § 302(a)(2). The Complaint does not allege that AA committed any tortious act within the State of New York. Thus, §302(a)(1) does not provide a basis for specific personal jurisdiction over AA in this case.

While not referenced in the Complaint as a basis for exercising personal jurisdiction over AA, **CPLR. § 302(a)(3)** states:

> "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary who in person or through an agent ...commits a tortious act without the state causing injury within the state so long as the tortfeasor either (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services render, in New York or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce"

The conferral of jurisdiction under this provision rests on five elements including that requirement the *defendant's act caused injury to a person or property within the State*. *In re Sumitomo Copper Litig.*, 120 F. Supp. 2d 328, 341 (S.D.N.Y. 2000) (quotation and citation omitted).

With respect to the locus of injury element, the Court "must generally apply a situs-of-injury test, which [focuses on the location of] the '*original event which caused the injury*.'" *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2nd. Cir. 2001) (emphasis added) (citing *Bank Brussels Lambert v Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791 (2nd Cir. 1999) ("[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff.")). Plaintiffs' claims all originate from an *event occurring in international air space outside of New York*, which manifested in injuries and death to Greenidge outside of New York with collateral effects felt by Arzu in New

8

York. Thus, §302(a)(3) does not provide a basis for specific personal jurisdiction over AA in this case.

While not referenced in the Complaint as a basis for exercising personal jurisdiction over AA, **CPLR. § 302(a)(4)** states that "*as to a cause of action arising from any of the acts enumerated in this section,* a court may exercise personal jurisdiction over any non-domiciliary who in person or through an agent ... owns, uses or possesses any real property situated within the state." CPLR. § 302(a)(4) (emphasis added). The Complaint does not allege that AA owns, uses or possesses real property in New York.

Further, even if alleged, the mere allegation AA owns, uses or possesses property in New York, without more, would be legally insufficient to confer specific jurisdiction under § 302(a)(4) since Plaintiffs' claims must be substantially related to that ownership, use or possession - and Plaintiffs make no such allegation. *See Elsevier, Inc. v. Grossman*, 77 F. Supp. 3d 331, 346 (S.D.N.Y. 2015) ("Under § 302(a)(4), it is not enough for the property to be related…to the parties' dispute; the plaintiff's 'cause of action [must] arise[ ] out of the fact of ownership, use or possession of New York realty.' Critically, the causes of action in this case, which concern an allegedly fraudulent scheme, do not derive from—and thus can be maintained irrespective of—Grossman's ownership, possession, or use of the apartment in New York.") (citing *Tebedo v. Nye,* 256 N.Y.S.2d 235, 236 (N.Y. Sup. Ct. 1965)). Thus, §302(a)(4) does not provide a basis for specific personal jurisdiction over AA in this case.

Since there is no legally sufficient asserted basis for this Court's exercise of personal jurisdiction over AA, this Court must dismiss Plaintiffs' Complaint in its entirety.

### Plaintiffs' Wrongful Death and Survivorship Claims are Preempted by the Montreal Convention and Must be Dismissed Pursuant to Rule 12(b)(6)

Plaintiffs' claims derive solely from Greenidge's unfortunate death while a passenger on

an international flight from Honduras to Miami, Florida. Complaint, ¶¶ 7-9, 15-17, 22, 36 and 40-42. Plaintiffs assert a claim for damages under the Montreal Convention, *id*. ¶¶ 40-51, as well as wrongful death and survivorship claims under New York common law and statutes. *Id*. ¶¶ 22-39. Assuming this Court finds it can permissibly exercise personal jurisdiction over AA, this Court must nevertheless dismiss Plaintiffs' wrongful death and survivorship claims since they are preempted by the Montreal Convention and thus fail to state a claim upon which relief can be granted.

The Convention for the Unification of Certain Rules for International Carriage by Air, art. 55, May 28, 1999, SA. Treaty Doc. No. 106-45, ICAO Doc. No. 9740, 2242 U.N.T.S. 350 ("**Montreal Convention**") applies to "accidents"[4] that occur during an international flight or in the course of embarking or disembarking an international flight and limits liability for air carriers such as American Airlines. *See, Montreal Convention*, art. 17. The United States[5] and Honduras[6] are both signatory nations to the Montreal Convention.

The Montreal Convention provides the sole and exclusive remedy to address injuries occurring during an international flight or in the course of embarking or disembarking an international flight. *Montreal Convention*, art. 29 ("In the carriage of passengers … any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits as are set out in this Convention…."). Plaintiffs expressly concede that all of their claims for damages fall within the

---

[4] AA does not concede that Greenidge was subjected to an "accident" on the flight in question and will demonstrate that no "accident" in fact occurred, as referenced in note 1 above.
[5] The Montreal Convention entered into force in the United States on November 4, 2003 and superseded the Warsaw Convention. *See, Espinoza Ugaz v. Am. Airlines, Inc.*, 576 F. Supp. 2d 1354, 1359 (S.D. Fla. 2008).
[6] Honduras became a signatory to the Montreal Convention on January 24, 2016. S. Treaty Doc. 106-45 (2003) accessible at
https://www.icao.int/secretariat/legal/list%20of%20parties/mtl99_en.pdf

10

scope of the Montreal Convention, since they have actually asserted a Montreal Convention claim based on the same facts as those plead in support of their state law claims. Since their state law wrongful death and survivorship claims fall within the scope of the treaty, they are preempted and must be dismissed with prejudice. *See, e.g., Badar v Swissport USA, Inc.,* 53 F. 4th 739, 744 (2nd Cir. 2022) ("To achieve a uniform liability regime, the Montreal Convention…preempts 'all state law claims that fall within its scope'"); *In Re Air Disaster at Lockerbie*, 928 F.2d 1267, 1273 (2nd Cir. 1991) (state wrongful death actions, including claims for punitive damages, preempted by the predecessor to the Montreal Convention), *cert. denied*, *Rein v Pan American World Airways*, 502 U.S. 920 (1991), *rev'd on other grounds*, *Zicherman v. Korean Air Lines, Co.,* 516 U.S. 217 (1996); s*ee also In Re Air Crash at Belle Harbor*, 2002 WL 31356266 at *3-4 (S.D.N.Y. October 17, 2002) (finding that state law wrongful death claims fell within the scope of the Montreal Convention, and were "subject to dismissal for failure to state a claim as those claims are preempted by the…Convention.").

Indeed, the United States Supreme Court has held that the scope of this pre-emption extends to claims which are not even actionable under the Montreal Convention. *El Al Isr. Airlines v. Tsui Yuan Tseng*, 525 U.S. 155, 161 (1999) (applying substantially similar language in the Warsaw Convention, the predecessor to the Montreal Convention, and explaining "a passenger whose injury is not compensable under the Convention will have no recourse to an alternate remedy" and "recovery for a personal injury suffered 'onboard [an] aircraft or in the course of any of the operations of embarking or disembarking,'… **if not allowed under the Convention, is not available at all**."[7] the predecessor to the Montreal Convention) (emphasis

---

[7]"Because the Montreal Convention only recently came into force, it is appropriate to rely on cases interpreting the Warsaw convention where the equivalent provision of the Montreal Convention is substantively the same." *Espinoza*, 576 F. Supp. 2d at 1354 (citing *Paradis v. Ghana Airways, Ltd.*, 348 F. Supp. 2d 106, 111 (S.D.N.Y. 2004) (recognizing that both the

added). *See Mateo v. JetBlue Airways Corp.*, 847 F. Supp. 2d 383, 387 (E.D. N.Y. 2012)(finding complete preemption where passenger was injured while being carried down the stairs of an aircraft while disembarking an international flight and noting that the Convention's preemptive effect on state law extends to all causes of action for injuries to persons suffered in the course of international airline transportation, regardless of whether a claim actually could be maintained under the provisions of the Convention); *Ugaz,* 576 F. Supp. 2d at 1354 and 1359 ("Article 29 of the Montreal Convention preempts all state law claims that fall within its scope but do not satisfy the conditions for liability under the treaty.").

**Plaintiffs' Punitive Damage Claim is Not Actionable Under The Montreal Convention and Must be Dismissed Pursuant to Rule 12(b)(6)**

Plaintiffs' Montreal Convention claim seeks recovery of, inter alia, punitive damages. Complaint, page 10. Recovery of punitive damages is expressly barred by the Convention. See *Montreal Convention*, Ch. 3, Art. 29 ("In the carriage of passengers…any action for damages, however, founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention ... In any such action, punitive, exemplary, or any other non-compensatory damages shall not be recoverable."). Thus, Plaintiffs' punitive damage claim under the Convention must be dismissed with prejudice.

**Plaintiffs' Attorney's Fee Claim is Not Actionable Under The Montreal Convention and Must be Dismissed Pursuant to Rule 12(b)(6)**

Plaintiffs' Montreal Convention claim seeks recovery of, inter alia, attorney's fees. Complaint, page 10. Recovery of attorney's fees under the Convention is dependent on the availability of attorney's fees under local law. *See Montreal Convention*, Ch. 3, Art. 22(6)

---

Warsaw Convention and the Montreal Convention "have substantially the same preemptive effect").

12

("The limits prescribed in Article 21 [Compensation in Case of Death or Injury of Passengers… shall not prevent the court from awarding, in accordance with its own law, in addition, the whole or part of the court costs and of the other expenses of the litigation incurred by the plaintiff, including interest."). This provision of the Convention "does nothing more than authorize courts to apply their own domestic law regarding the availability of fees when a party requests costs and fees." *Dochak v Polski Linie Lotnicze Lot, S.A.*, 2017 WL 236570 at *2 (N.D. Ill. May 30, 2017).

The "basic point of reference when considering the award of attorney's fees is…the American Rule: each litigant pays his own attorney's fees, win or lose, unless a statute or contract provided otherwise." *Id.* (*citing Baker Botts, LLP v ASARCO LLC*, 576 U.S. 121, 126 (2015). New York follows the American Rule.  *RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d 206, 213 (S.D.N.Y. 2006) ("New York follows the American rule, which…does not allow the prevailing party to recover attorneys' fees unless there is a specific statutory or contractual right to such fees."). Specifically, attorney's fees are not recoverable in wrongful death or survivorship actions in New York. *See In re Sept. 11 Litig.*, 500 F. Supp. 2d 356, 365 (S.D.N.Y. 2007) ("Thus, United States' law, both federal and state, do not support Plaintiffs' right to recover litigation expenses, including attorneys' fees [in case where plaintiffs alleged, inter alia, wrongful death and Warsaw Convention claims]."); *In Re Air Disaster at Lockerbie*, 928 F.2d at 1279 ("The Fifth Circuit in *Boehringer–Mannheim* considered whether attorneys fees are recoverable "under federal law" in a Warsaw Convention action[ and] it concluded they were not recoverable under the common law American Rule.  Thus, we adopt substantive federal common law as the law governing [this wrongful death] cause of action under the Warsaw Convention.") (citations omitted).  Thus, Plaintiffs' attorney's fee claim

under the Convention must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, American Airlines, Inc. requests that this Court dismiss Plaintiff's claims in their entirety for lack of personal jurisdiction pursuant to Rule 12(b)(2). Should the Court conclude that it may properly exercise personal jurisdiction over American Airlines, Inc., Plaintiffs' state tort claims and Montreal Convention claim for punitive damages must be dismissed with prejudice pursuant to Rule 12(b)(6).

Dated: May 19, 2023
New York, New York

BUCHANAN INGERSOLL & ROONEY PC

/s/ *Kelly H. Kolb*
Kelly Kolb, Esq. Admitted Pro Hac Vice
kelly.kolb@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 E. Las Olas Blvd., Suite 2500
Fort Lauderdale, FL 33301
Tel: 954-703-3900

Daniel Z. Rivlin (NY ID 4054359)
Argia J. DiMarco (NY ID 5603618)
550 Broad Street, Suite 810
Newark, NJ 07102
Phone: (973) 424-9800
Fax: (973) 273-9430
E-mail: argia.dimarco@bipc.com
        daniel.rivlin@bipc.com
*Attorneys for Defendant American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2023, I caused to be electronically filed the foregoing Defendant's Memorandum of Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim with the Clerk of the Court via CM/ECF. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's CM/ECF System.

DATED:  New York, New York
May 19, 2023

/s/ *Kelly H. Kolb*
Kelly H. Kolb