UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA ARZU, Individually and as the Administrator of the Estate of KEVIN ISMAEL GREENIDGE, Deceased and MELISSA ARZU Individually,<br><br>Plaintiffs,<br><br>-against-<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | **COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiff, MELISSA ARZU, Individually and as the Administrator of the Estate of plaintiff KEVIN ISMAEL GREENIDGE, Deceased and MELISSA ARZU Individually, by and through the undersigned counsel, complaining of the above-named Defendant herein, respectfully sets forth and alleges the following, upon information and belief:

## THE PARTIES

1. That all times heretofore and prior to the commencement of this action, plaintiff MELISSA ARZU (hereinafter "ARZU") was duly appointed as the Administrator of the Estate of Decedent plaintiff's intestate KEVIN ISMAEL GREENIDGE, pursuant to a Decree issued by the Surrogate's Court of Bronx County on the 24th day of October, 2022.

2. At all times relevant to this complaint, plaintiff ARZU was the mother of plaintiff's intestate KEVIN ISMAEL GREENIDGE and they duly cohabitated together in the County of Bronx, City and State of New York.

3. That all times hereinafter mentioned, defendant AMERICAN AIRLINES, INC. (hereinafter "AMERICAN") was and still is a foreign corporation, duly organized and existing was a corporation duly organized and existing under and by virtue of the laws of the State Delaware.

1

4. That at all times herein mentioned, defendant AMERICAN was a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Texas.

## JURISDICTIONAL ALLEGATIONS

5. Subject matter jurisdiction over this action exists in the federal district court pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy herein exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs.

6. Both AMERICAN's registration as a foreign corporation and its conduct of substantial business by itself and through its subsidiaries in this state foreseeably connect it with the forum state of New York, such that defendant AMERICAN reasonably should anticipate being subjected to the jurisdiction of the Courts of this state. Accordingly, this court has in personam jurisdiction over AMERICAN. Likewise, venue is proper in the Southern Division of the United States District Court of New York.

## FACTUAL ALLEGATIONS

7. That on June 4, 2022, defendant AMERICAN was the owner of certain airplanes and/or aircrafts being operated in the United States as well as South America.

8. That at all times hereinafter mentioned, defendant AMERICAN operated a certain flight and/or route known as flight No. AA614, originating in San Pedro Sula, Honduras, with a destination of Miami International Airport ("the subject flight").

9. That at all times hereinafter mentioned, defendant AMERICAN operated the aforesaid flight.

10. That at all times hereinafter mentioned, defendant AMERICAN controlled the aforesaid flight.

11. That at all times hereinafter mentioned, defendant AMERICAN supervised the aforesaid flight.

12. That at all times hereinafter mentioned, defendant AMERICAN managed the aforesaid flight.

13. That at all times hereinafter mentioned, defendant AMERICAN maintained the aforesaid flight.

14. That at all times hereinafter mentioned, defendant AMERICAN was under a duty to operate, control, supervise, manage and maintain all medical equipment on the subject flight in a working manner as so that no persons would be caused to sustain personal injuries.

15. That on June 4, 2022 while plaintiff's intestate KEVIN ISMAEL GREENIDGE was lawfully and properly a passenger on board the subject flight when he suddenly went into cardiac arrest and became unconscious.

16. That defendant AMERICAN failed to keep a functioning automatic external defibrillator (AED) on board the subject flight.

17. That as a consequence of the defendant's negligence in failing to maintain a working defibrator upon their flight caused, permitted and/or hastened the untimely death of plaintiff's intestate KEVIN ISMAEL GREENIDGE on June 4, 2022.

18. That the foregoing incident and resulting death of the plaintiff's intestate were caused wholly and solely by reason of the carelessness, recklessness and negligence of the defendant AMERICAN, its respective agents, servants and/or employees in failing to maintain a an automatic external defibrillator (AED) on board the subject flight, in failing to ensure that the AED and its mobile battery pack were fully and properly charged; in failing to train its employees with basic resuscitation technique; in causing, permitting and allowing the mobile battery pack to

drain down to no power thereby causing the AED to stop working; in placing the plaintiff intestate's life in danger; in failing to maintain the defibrillator with enough of a charge; in evincing a depraved indifference for the plaintiff's intestate's health and well-being; in causing and creating a fear of impending death; in failing to properly discharge their employment duties and responsibilities; n failing to take any effective and/or adequate measures or means to prevent further harm and injury to decedent; in improperly planning and administering treatments to decedent; in failing to take proper and reasonable precautions for the safety and health of the decedent; in failing to order or take proper and necessary steps to ensure decedent's safety; in causing and creating significant delay in the proper, appropriate, warranted and indicated course of treatment; in lacking the necessary skills, experience, training, competency and expertise to care for the decedent; that by reason of defendant's aforesaid deviations and departures from the good and accepted standards of care, the decedent was caused to die on June 4, 2022; in significantly shortening the decedent's life expectancy; that as a consequence of the foregoing, the decedent was caused to suffer and experience significant conscious pain and suffering with excruciating pain, fatigue, depression and fear of premature death. Plaintiff also relies on the Doctrine of Res Ipsa Loquitur but hereby reserves their right to prove the defendant was negligent as more specifically set forth herein and it were otherwise careless, reckless and negligent and failed to exercise reasonable care and prudence under the circumstances then and there existing.

19. That the said occurrence and resulting injuries and disabilities to the decedent were caused wholly and solely by reason of the carelessness, recklessness and negligence of the defendant, its agents, servants and/or employees as set forth above and with no fault or lack of care on the part of the decedent herein contributing thereto.

20. That by reason of the foregoing, plaintiff's intestate sustained severe and serious personal injuries and complications; a severe shock to his nervous system and certain internal injuries; he necessarily received hospital and medical care in an endeavor to cure or heal himself of his said injuries, as a result of which expenses were incurred; and he was compelled to suffer physical pain, mental anguish and emotional distress as a result thereof, including fear of impending death.

21. As a direct and proximate result of AMERICAN'S negligence, gross negligence, negligence *per se*, carelessness, willful, wanton and recklessness conduct, plaintiff intestate KEVIN ISMAEL GREENIDGE's statutory beneficiaries and heirs, as represented by the plaintiff, have suffered economic loss including but not limited to lost earning capacity, severe emotional distress, anxiety, grief and sorrow, for which plaintiff intestate KEVIN ISMAEL GREENIDGE's estate is entitled to recover on behalf of the statutory beneficiaries actual and punitive damages (when allowable under law) pursuant to N.Y. Code § 17-5-4.1, in an amount to be determined by the jury.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence/Gross Negligence Resulting in Wrongful Death)**

22. Each and every allegation set forth above is fully incorporated herein.

23. Upon information and belief, at all times relevant to this complaint, AMERICAN was certified to operate as a Federal Aviation Administration air common carrier.

24. As an air common carrier, AMERICAN owed its passengers the highest duty of care.

25. At the time of the incident on June 4, 2022, the Federal Aviation Authority through the Aviation Medical Assistance Act requires airlines to carry defibrillators aboard each aircraft with flight attendants.

26. 14 C.F.R. § 121.803 states that, each equipment item listed in this section must be inspected regularly in accordance with inspection periods established in the operations specifications to ensure its condition for continued serviceability and immediate readiness to perform its intended emergency purposes.

27. Additionally, in airplanes for which a flight attendant is required and with a maximum payload capacity of more than 7,500 pounds, an approved AED. The AED must have a power source that meets FAA Technical Standard Order requirements.

28. On or about June 4, 2022, AMERICAN was the owner, lessee, operator, and/or entity in control of the subject flight.

29. AMERICAN was the owner and/or operator of the aircraft utilized for the subject flight and was the employer of the flight attendants and crew on the subject flight.

30. AMERICAN owned, operated, maintained, and/or otherwise controlled, by and through its agents or employees, acting within the course and scope of their employment, the subject aircraft and was responsible for the actions of its agents and/or employees, including but not limited to the flight attendants and crew.

31. At all times relevant to the allegations in this complaint, the flight crew, all flight attendants, and the ground crew were acting within the scope and course of their employment with AMERICAN.

32. Through the doctrine of *respondeat superior*, AMERICAN is vicariously liable for the negligent acts and omissions of the employees which compromised its flight crew for Flight AA614.

33. The foregoing acts and omissions, either singularly or in combination, were the direct and proximate cause of plaintiff intestate KEVIN ISMAEL GREENIDGE's wrongful death.

34. AMERICAN's conduct was negligent, grossly negligent, negligent *per se*, careless, willful, wanton, and reckless in its conduct toward plaintiff's intestate KEVIN ISMAEL GREENIDGE in the following particulars:

   a. In failing to provide proper working equipment and medical supplies to enable the appropriate medical treatment required to sustain a passenger who experiences an in-flight medical emergency until proper treatment can be obtained from and provided by medical facilities and personnel on the ground;

   b. In failing to comply with one or more regulations, statutes, directives, or other applicable authority which govern passenger safety and in flight emergencies involving passengers;

   c. In such additional particulars of negligence, gross negligence, negligence *per se*, carelessness, willful, wanton and recklessness conduct which may be shown by the evidence developed through discovery and adduced at trial.

The foregoing acts and omissions, either singularly or in combination, were the direct and proximate cause of plaintiff intestate KEVIN ISMAEL GREENIDGE's wrongful death, resulting in damages to his statutory beneficiaries and heirs.

35. As a direct and proximate result of AMERICAN's negligence, gross negligence, negligence *per se*, carelessness, willful, wanton and recklessness conduct, plaintiff intestate KEVIN ISMAEL GREENIDGE's statutory beneficiaries and heirs, as represented by the Plaintiff, have suffered economic loss including but not limited to lost earning capacity, severe emotional distress, anxiety, grief and sorrow, for which plaintiff intestate KEVIN ISMAEL GREENIDGE's estate is entitled to recover on behalf of the statutory beneficiaries actual and punitive damages (when allowable under law) pursuant to N.Y. Code § 17-5-4.1, in an amount to be determined by the jury.

**FOR A SECOND CAUSE OF ACTION**
**(Survivorship Action)**

36. Each and every allegation set forth above is fully incorporated herein.

37. AMERICAN, acting through its agents and employees, as well as those who might be revealed through discovery, committed various acts and omissions as previously outlined above, which constitute negligence, gross negligence, negligence *per se*, carelessness, willfulness, wantonness, and recklessness.

38. As a direct and proximate result of the acts and/or omissions of AMERICAN as listed above, plaintiff's intestate KEVIN ISMAEL GREENIDGE sustained severe injuries which led to his death.

39. Plaintiff is informed and believes that pursuant to N.Y. Code § 17-5-4.1, the Estate is entitled to a judgment against AMERICAN for damages which plaintiff's intestate KEVIN ISMAEL GREENIDGE would be entitled to had he survived, both actual and punitive, for the intense pain and sufferance he consciously experienced before his death.

### FOR A THIRD CAUSE OF ACTION
### (Claim For Damages Under the Montreal Convention)

40. Plaintiff incorporates by reference all prior allegations above as if fully set forth herein.

41. At the time of the subject incident on June 4, 2022, there was in force and in effect in the United States a certain multilateral treaty relating to the rules governing international carriage by air known as the Montreal Convention.

42. At the time of the incident, plaintiff's intestate KEVIN ISMAEL GREENIDGE was engaged in international carriage as defined in Article 1(2) of the Montreal Convention and the same is, therefore, applicable to this action pursuant to Article 1(1) of the Montreal Convention.

43. Pursuant to Article 17 of the Montreal Convention, AMERICAN, as the carrier, is liable for damage sustained in case of death or bodily injury of a passenger upon condition only

that the accident which caused the death or injury took place on board the aircraft or in the course of any operations of embarking or disembarking.

44. On or about June 4, 2022, AMERICAN was the carrier of plaintiff's intestate KEVIN ISMAEL GREENIDGE, and he was on board the subject flight.

45. On or about June 4, 2022, during the subject flight, plaintiff's intestate KEVIN ISMAEL GREENIDGE experienced an acute myocardial infarction.

46. During the course of treatment, the AED on board the aircraft did not administer a shock.

47. AMERICAN's liability under the Montreal Convention is absolute up to 100,000 Special Drawing Rights (SDR) pursuant to Article 21(1).

48. Pursuant to Article 21(2) of the Montreal Convention, AMERICAN is liable to the Plaintiff for all personal injury damages exceeding 100,000 Special Drawing Rights (SDR), unless the carrier proves (a) the injuries were not due to negligence or other wrongful act or omission of the carrier or its servants or agents; or (b) the injuries were solely due to the negligence or other wrongful act or omission of a third party.

49. On or about June 4, 2022, as a result of AMERICAN's willful misconduct, including but not limited to its negligence, wrongful acts, and/or omissions, including without limitation its rendering of negligent medical assistance, failure to render adequate medical assistance, and failure to keep a functioning defibrillator on board, and through no fault of his own, plaintiff's intestate KEVIN ISMAEL GREENIDGE suffered bodily injury while onboard the subject aircraft, resulting in his wrongful death.

50. Plaintiff's damages exceed 100,000 Special Drawing Rights (SDR).

51. As a direct and proximate result of the aforementioned negligent acts of AMERICAN, KEVIN ISMAEL GREENIDGE sustained permanent injury, resulting in the wrongful death of plaintiff's intestate KEVIN ISMAEL GREENIDGE. The losses are permanent, and plaintiff will suffer continuing losses in the future.

WHEREFORE, the plaintiff in this action prays for judgment against the defendant:

(1) for actual and punitive damages in a reasonable amount,

(2) for the costs of this action, including reasonable attorney fees as allowed by law, and

(3) for such other relief as the Court may deem just and proper.

Furthermore, plaintiff demands a trial by jury of all issues triable as of right by a jury.

Date:   New York, NY
        March 13, 2023

Respectfully submitted,

_____
Thomas P. Giuffra, Esq. (TG1274)
RHEINGOLD, GIUFFRA, RUFFO
& PLOTKIN LLP
551 Fifth Avenue, 29th Floor
New York, NY 10176
Phone: (212) 684-1880
Fax: (212) 689-8156
tgiuffra@rheingoldlaw.com

10