**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MELISSA ARZU, individually and as the
Administrator of the Estate of KEVIN ISMAEL
GREENIDGE, Deceased and MELISSA ARZU
individually,

                    *Plaintiffs*,            Case No. 1:23-cv-02116 (SDA)

      -against-

AMERICAN AIRLINES, INC.,

                    *Defendant*.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION
AND FOR FAILURE TO STATE A CLAIM**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ..................................................................................... 1

ARGUMENTS ........................................................................................................... 2

    **I.**    Plaintiffs Do Not Dispute They Bear the Burden of Demonstrating a Proper Basis for This Court's Exercise of General Jurisdiction Over American Airlines Under CPLR § 301 ......................................................... 2

           **A.**    Plaintiffs Fail to Argue, Let Alone Establish, That This Court Has General Jurisdiction Over AA and Fail to Argue or Demonstrate This Case is an Exceptional Case .............................................. 3

    II.    General Jurisdiction Cannot be Premised on the Absence of Evidence ................. 6

CONCLUSION .......................................................................................................... 8

## **<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Cases**

*Al-Ahmed v Twitter, Inc*.,
    553 F. Supp. 118 (S.D.N.Y. 2021) ...............................................................................3, 4, 5

*Assaf v Port Authority of New York and New Jersey*,
    2021 WL 2418243 (S.D.N.Y. June 14, 2021) ...................................................................2, 7

*BNSF Ry. Co. v. Tyrrell*,
    581 U.S. 402 (2017).............................................................................................................3, 4

*Brown v. Lockheed Martin Corp.*,
    814 F.3d 619 (2d Cir. 2016)....................................................................................................5

*Brown v Showtime Networks, Inc.*,
    394 F. Supp. 3d 418 (S.D.N.Y. 2019).................................................................................3, 7

*Chufen Chen v. Dunkin' Brands, Inc.*,
    954 F.3d 492 (2d Cir. 2020)....................................................................................................4

*Cordice v. LIAT Airlines*,
    2015 WL 5579868 (E.D.N.Y. Sept. 22, 2015) ......................................................................7

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)....................................................................................................... *passim*

*Giordano v UBS, AG*,
    134 F. Supp. 3d 697 (S.D.N.Y. 2015)....................................................................................3

*Gordon v Chambers*,
    2021 WL 9183819 (E.D.N.Y. Jan. 29, 2021) ........................................................................2

*Gucci America, Inc. v Weixing Li*,
    768 F. 3d 122 (2d Cir. 2014)...................................................................................................4

*H.B. v China Southern Airlines Co., Ltd.*,
    2021 Wl 2581151 (S.D.N.Y. June 23, 2021).........................................................................7

*Hitachi Data Sys. Credit Corp. v. Precision Discovery, Inc.*,
    331 F. Supp. 3d 130 (S.D.N.Y. 2018)....................................................................................5

*In Re. Petrobras Securities Litig.*,
    393 F. Supp. 3d 376 (S.D.N.Y. 2019)....................................................................................4

*Thomas v Ashcroft*,
   470 F.3d 491 (2d Cir. 2006).................................................................................2

*Wilderness USA, Inc. v. DeAngelo Bros. LLC*,
   265 F. Supp. 3d 301 (W.D.N.Y. 2017) ...............................................................5

*Zito v United Airlines, Inc.*,
   523 F. Supp. 3d 377 (W.D.N.Y. 2021) ........................................................5, 6, 7

**Rules**

CPLR § 301...............................................................................................................1, 2

CPLR § 302...................................................................................................................1

Rule 12(b)(2).................................................................................................................8

Rule 12(b)(6).................................................................................................................8

**Other Authorities**

Locke, John (1690). "Book IV, Chapter XVII: Of Reason". *An Essay Concerning Human Understanding.*Ignorance ...............................................................6

## PRELIMINARY STATEMENT

Plaintiffs' Memorandum of Law in Opposition to Defendant American Airlines, Inc.'s, Motion to Dismiss (ECF No. 27, hereinafter "**Plaintiffs' Opposition**") clearly abandons any sincere effort to establish that this Court may properly exercise general jurisdiction over American Airlines ("**AA**").  Neither the phrase "general jurisdiction" nor New York's general jurisdiction statute, N.Y. Civil Practice Law & Rules ("**CPLR**") §301, are even mentioned in Plaintiffs' Opposition.  Rather, all of the cases cited deal with *specific*—not general—personal jurisdiction. And as explained in AA's Opening Brief, any argument that general jurisdiction over AA exists solely because of its extensive business contacts in New York, including "significant physical infrastructure and thousands of employees," is contrary to U.S. Supreme Court and Second Circuit authorities.  Plaintiffs implicitly concede this point by failing to address general jurisdiction jurisprudence, including *Daimler AG v. Bauman*, 571 U.S. 117 (2014), which the Court has discussed with Plaintiffs at length during the status conferences in this case.  Plaintiffs' Opposition completely misses the mark the Court set out for the parties to address.

Instead, Plaintiffs' Opposition focuses on specific personal jurisdiction, even though, as confirmed by this Court during the May 25, 2023 Initial Case Management Conference and Plaintiffs' Motion to Amend the Complaint (ECF No. 26), the only basis for *in personam* jurisdiction over AA alleged in the Complaint is general jurisdiction.  Plaintiffs continue to cite alleged facts (*e.g.*, that Plaintiff lived in New York, purchased his plane ticket in New York, and planned to return home to New York (Pls.' Opp. at 1)) which have been found insufficient by a long line of cases in the Second Circuit to establish specific jurisdiction under CPLR §302, New

1

York's long-arm statute.[1]  In addition, Plaintiffs make the untenable argument that the *absence of documentary evidence* regarding whether the AED device was inspected, serviced, or maintained in New York should be treated as *affirmative evidence* of the same.  It is upon this shaky ground— a proposition completely unsupported by any authority— that Plaintiffs claim this Court may base its exercise of general jurisdiction over AA.  Plaintiffs are, quite simply, wrong.

## ARGUMENTS

### I.    PLAINTIFFS DO NOT DISPUTE THAT THEY BEAR THE BURDEN OF DEMONSTRATING A PROPER BASIS FOR THIS COURT'S EXERCISE OF GENERAL JURISDICTION OVER AA UNDER CPLR § 301

As confirmed by this Court during the May 25, 2023 Initial Case Management Conference, and as confirmed by Plaintiffs' Motion to Amend the Complaint (ECF No. 26), the only basis alleged in the Complaint for this Court's assertion of *in personam* jurisdiction over AA is general jurisdiction.  Plaintiffs' Opposition does not, and cannot, dispute that Plaintiffs bear the burden to plead and/or prove sufficient facts to establish a *prima facie* basis for this Court's exercise of general jurisdiction over AA.  *Gordon v Chambers*, 2021 WL 9183819, at *2 (E.D.N.Y. Jan. 29, 2021); *Assaf v Port Authority of New York and New Jersey,* 2021 WL 2418243, at *2 (S.D.N.Y. June 14, 2021) (citing *Thomas v Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006)).

Plaintiffs' Opposition does not, and again cannot, dispute that the propriety of this Court's exercise of general jurisdiction over AA is governed by CPLR §301, as constrained by the U.S. Supreme Court's holding in *Daimler AG v. Bauman*, 571 U.S. 117 (2014) and its progeny.  Thus, general jurisdiction may only be exercised over AA where it has its principal place of business or where it is incorporated.  *Daimler*, 571 U.S. at 137-139, and n. 19 (in all but the "exceptional case,

---

[1]  For a full discussion of these authorities, see AA's Opening Brief (ECF No. 21) at p.5-9.

general jurisdiction over a corporation is limited to its place of incorporation and its principal place of business."); *accord BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017).  The standard for the exercise of general jurisdiction over a non-resident corporation is a "high bar" to meet.  *Al-Ahmed v Twitter, Inc.*, 553 F. Supp. 118, 125 (S.D.N.Y. 2021) ("*Daimler* set a 'high bar' for finding that the exercise of general jurisdiction over an out-of-state corporation comports with due process.").

### A.    Plaintiffs Fail to Argue, Let Alone Establish, That This Court Has General Jurisdiction Over AA or Demonstrate That This Case Qualifies as an "Exceptional Case"

Since Plaintiffs' Complaint alleges that AA is incorporated in Delaware and has its principal place of business in Texas (Compl. ¶¶ 3-4 (ECF No. 1)), unless this case is the "exceptional case" as discussed in *Daimler,* there is no basis for this Court's exercise of general jurisdiction over AA.  *Brown v Showtime Networks, Inc.,* 394 F. Supp. 3d 418, 431 (S.D.N.Y. 2019) ("Other than in an 'exceptional case,' a corporation is subject to all-purpose jurisdiction only in its place of incorporation or its principal place of business.") (citing *Daimler*, 571 U.S. at 139)); *see also Giordano v UBS, AG*, 134 F. Supp. 3d 697, 706 (S.D.N.Y. 2015) ("Plaintiff cannot credibly deny that the Supreme Court's decision in the *Daimler* case fundamentally narrowed [the] analysis to focus on those jurisdictions where a defendant is incorporated and maintains its principal place of business").

Even after being allowed to undertake jurisdictional discovery, Plaintiffs' Opposition and its accompanying materials do not support that this case is an exceptional case.  An exceptional case is one where "a corporate defendant's operations in another forum may be so substantial and of such a nature as to render the corporation at home in that State."  *BNSF Ry. Co.,* 581 U.S. at 413.  The exceptional case inquiry, however, "does not focus solely on the magnitude of [AA's] in-state [New York] contacts."  *Id* at 414 (citing *Daimler*, 571 U.S. at 139, n. 20).  Instead, the

proper focus is on a comparison of AA's activities in New York against its activities worldwide. *Id* at 414 (citing *Daimler,* 571 U.S. at 140 (the inquiry "calls for an appraisal of a corporation's activities in their entirety [since] a corporation that operates in many places can scarcely be deemed at home in all of them."))' *see also Gucci America, Inc. v Weixing Li,* 768 F. 3d 122, 135 (2d Cir. 2014) (same).  Plaintiffs' Opposition and its accompanying materials provide no such analysis or comparison.

Plaintiffs' reliance on AA's stipulation that it "has extensive business contacts, including significant physical infrastructure and thousands of employees, in New York" (ECF No. 25) is misplaced.  As laid out in a long line of cases, the facts contained in the stipulation are insufficient to demonstrate that this case is an exceptional case because "[e]ven extensive business contacts such as *significant physical infrastructure and thousands of employees in a particular state* do not constitute such an exceptional case."  *In Re. Petrobras Securities Litig.,* 393 F. Supp. 3d 376, 382 (S.D.N.Y. 2019) (emphasis added); *see also BNSF Ry. Co.,* 581 U.S. at 414 ("In-state business…does not suffice to permit the assertion of general jurisdiction"); *Al-Ahmed*, 553 F. Supp. at 125-126 ("simply having a large office and a substantial number of employees in a forum is not enough to establish general jurisdiction.  Because 'it is common for corporations to have presences in multiple states…general jurisdiction would be quite the *opposite* of 'exceptional' if such contacts were held sufficient to render the corporation at home in the state.") (emphasis in original).[2]

---

[2]  *See also Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) ("Plaintiffs contend that Dunkin Donuts 'is a franchisor with numerous retail establishments in New York,' and 'that it governs...and controls nationwide product labeling and advertising,' but they made no showing that the company's relationship with New York was in any way significant or exceptional in relation to the company's nationwide business activity.  Accordingly, plaintiffs failed to allege facts upon which the exercise of general jurisdiction would be appropriate.") (citations omitted);

4

Lastly, Plaintiffs' failure to distinguish *Zito v United Airlines, Inc*., 523 F. Supp. 3d 377 (W.D.N.Y. 2021)[3] is telling since *Zito* concerned virtually identical facts as those in this case. In *Zito*, the Plaintiff (like the decedent in this case) was a resident of New York, purchased his ticket in New York, for a flight departing from New York and later returning to New York. *Id.* at 380. Like the decedent in this case, he was injured outside of New York (in Fort Myers, Florida) on the first leg of his return trip to New York with a scheduled connection outside of New York (in New Jersey). *Id.* Now Chief Judge Wolford held general jurisdiction could not be exercised over United Airlines even though the airline, like AA in this case, "regularly and continually conduct[ed] and transact[ed] business, and contract[ed] to supply goods and services, within the State of New York." *Id* at 383. Citing *Daimler*, *Zito* held that United Airlines (like AA here) was neither

---

*Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 628-30 (2d Cir. 2016) ("[W]e see that Lockheed's business in Connecticut, while not insubstantial, constitutes only a very small part of its portfolio….In short: Lockheed's contacts with Connecticut fall far short of the relationship that Due Process requires, under *Daimler* and *Goodyear,* to permit the exercise of general jurisdiction over Lockheed by Connecticut courts.") (citations omitted); *Al -Ahmed v. Twitter, Inc.*, 553 F. Supp. 3d 118, 125-26 (S.D.N.Y. 2021) ("Plaintiff alleges that Twitter's 'second largest corporate headquarters [is] located [in New York and] Twitter conducts business throughout the United States, including New York.' Additionally, 'over ten percent of [Twitter's] employees work in New York.' But simply having a large office and a substantial number of employees in a forum is not enough to establish general jurisdiction…. In short, Twitter is not subject to general jurisdiction in New York.") (citations omitted); *Hitachi Data Sys. Credit Corp. v. Precision Discovery, Inc.*, 331 F. Supp. 3d 130, 142 (S.D.N.Y. 2018) (finding that "evidence that a corporation which is neither incorporated nor headquartered in a state does ['extensive'] business in that state is generally not enough to subject the corporation to general jurisdiction there."); *Wilderness USA, Inc. v. DeAngelo Bros. LLC*, 265 F. Supp. 3d 301, 310 (W.D.N.Y. 2017) ("Plaintiff has not controverted Hartman's further averment that only two percent of Defendant's revenue from last year arose from any work it performed in New York State. In *Daimler,* the percentage of the defendant's subsidiary's sales that arose from the subsidiary's transactions in California constituted just 2.4% of the defendant's worldwide sales volume….the Court concludes that this case is simply not an 'exceptional case' as contemplated by the Supreme Court in *Daimler*").

[3] *See* AA's Opening Brief at p.4.

incorporated in New York nor had its principal place of business in New York, and the case was not an "exceptional case" despite Plaintiff being a New York resident who purchased a ticket in New York and was injured on the first leg of his return flight to New York. *Id* at 380, 384. *Zito* is squarely on all fours with the instant case and provides this Court with a road map for granting AA's Motion to Dismiss. Plaintiffs argue nothing to the contrary.

In sum, Plaintiffs have failed to carry their burden to demonstrate the propriety of this Court's exercise of general jurisdiction over AA under traditional general jurisdiction principals or the *Daimler* exceptional case comparative analysis. AA's Motion should be granted.

## II.   JURISDICTION CANNOT BE PREMISED ON THE ABSENCE OF EVIDENCE

Plaintiffs' Opposition (*see* ECF No. 27, p.1-4) appears to suggest that AA should be precluded from denying the AED was installed, serviced, maintained, and inspected in New York since AA has not produced documentary evidence of whether or where the device was installed, serviced, maintained, and inspected. Plaintiffs cite no authority supporting this untenable argument.

Nevertheless, building on this argument, Plaintiffs then argue (without any reference to any allegations in the Complaint) that since AA is precluded from denying the device has a connection to New York, the Court must presume that very connection. In other words, the Court should find that proposition A is true because there is no evidence it is false. Plaintiffs cite no authority supporting this logical fallacy either.[4] Obviously, the absence of evidence of where the

---

[4] This "assume a proposition is true because it has not yet been proven false" is known as an argument from ignorance and is a well-known logical fallacy first coined by philosopher John Locke in the 17th century. Locke, John (1690). "Book IV, Chapter XVII: Of Reason". *An Essay Concerning Human Understanding.* Ignorance, in this context, means ignorance of facts, not ignorance in general.

device was inspected, etc. is not affirmative evidence that it was inspected, etc. in New York. Further, and more to the point, the Complaint does not allege the device was installed, serviced, maintained and inspected in New York – or anywhere else in the World.

Continuing, Plaintiffs then argue that since the device has a "deemed" connection to New York, the decedent was a New York resident, his ticket was purchased in New York, he departed from New York and he was scheduled to return to New York (albeit on a different flight than the one on which he passed away), the Court should exercise general jurisdiction over AA.  Again, Plaintiffs cite no authority for this novel argument.   Indeed, the overwhelming majority of authority is to the contrary.  *See Zito*, 523 F. Supp. 3d 377 (Plaintiff was resident of New York, purchased his ticket in New York for a flight departing from New York and later returning to New York and was injured in another state; no general jurisdiction over airline); *H.B. v China Southern Airlines Co., Ltd.,* 2021 Wl 2581151 (S.D.N.Y. June 23, 2021) (same); *Cordice v. LIAT Airlines*, 2015 WL 5579868 (E.D.N.Y. Sept. 22, 2015) (Plaintiff purchased ticket in New York for travel to and from New York; no general jurisdiction over airline); *Assaf,* 2021 WL 2418243 at *3 ("…purchasing a ticket in New York does not give rise to jurisdiction for a personal injury action for an incident that occurred outside of the state.").

Collectively, Plaintiffs' arguments are arguments in support of a claim of specific jurisdiction—a claim not pled by Plaintiffs and thus irrelevant to the general jurisdiction issue framed by AA's Motion to Dismiss.  Further, the commission of a tort in New York (as Plaintiffs' Opposition suggests), standing alone, is insufficient to confer general jurisdiction over the tortfeasor.  *Brown*, 394 F. Supp. 3d at 433 ("The commission of a tort in a state does not suffice to confer general jurisdiction over a party.").

## <u>CONCLUSION</u>

For the foregoing reasons, American Airlines, Inc. requests that this Court dismiss Plaintiff's claims in their entirety for lack of personal jurisdiction pursuant to Rule 12(b)(2). Should the Court conclude that it may properly exercise personal jurisdiction over American Airlines, Inc., Plaintiffs' state tort claims and Montreal Convention claim for punitive damages must be dismissed with prejudice pursuant to Rule 12(b)(6).

Dated: August 11, 2023
New York, New York

*/s/ Kelly H. Kolb*
Kelly Kolb, Esq. (*Pro Hac Vice*)
**BUCHANAN INGERSOLL & ROONEY PC**
401 E. Las Olas Blvd., Suite 2500
Fort Lauderdale, FL 33301
Phone: (954) 703-3900
kelly.kolb@bipc.com

Daniel Z. Rivlin (N.Y. I.D. 4054359)
Argia J. DiMarco (N.Y. I.D. 5603618)
**BUCHANAN INGERSOLL & ROONEY PC**
550 Broad Street, Suite 810
Newark, NJ 07102
Phone: (973) 424-9800Fax: (973) 273-9430daniel.rivlin@bipc.com
argia.dimarco@bipc.com

*Attorneys for Defendant American Airlines, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of August, 2023, I caused the foregoing Reply in Support of Defendant American Airlines, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim, and all accompanying papers, to be electronically filed with the Clerk of the Court via CM/ECF. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system and all parties may access the filing through the Court's CM/ECF System.

DATED:      New York, New York
            August 11, 2023

                        _/s/ Kelly H. Kolb_
                        Kelly H. Kolb

                        4884-8988-3766, v. 5