# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MELISSA ARZU, individually and as the
Adminstrator of the Estate of KEVIN ISMAEL
GREENIDGE, Deceased and MELISSA ARZU
individually,

    *Plaintiffs*,

  -against-

AMERICAN AIRLINES, INC.,

    *Defendant*.

Case No. 1:23-cv-02116 (SDA)

# DEFENDANT'S MEMORANDUM OF LAW
# IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

<u>**TABLE OF CONTENTS**</u>

PRELIMINARY STATEMENT ................................................... 1

RELEVANT PROCEDURAL BACKGROUND ...................... 1

ARGUMENTS....................................................................... 3

    Rule 15(a)(2) Pleading Amendment Standard ................................ 3

    American Airlines' Burden to Demonstrate Futility Is the  Rule 12(b)(6) *Twombly/Iqbal* Standard Supplemented with Evidentiary Support.................................... 3

    The Proposed Amended Complaint Fails to Plausibly Allege a Basis for the Exercise of General Jurisdiction Over AA ......................................... 5

    The Proposed Amended Complaint Fails to Plausibly Allege a Basis for the Exercise of Specific Jurisdiction Over AA Under CPLR. § 302(a)(1)............................... 6

    The Proposed Amended Complaint Fails to Plausibly Allege a Basis for the Exercise of Specific Jurisdiction Over AA Under CPLR. § 302(a)(2)............................... 9

    The Proposed Amended Complaint Fails to Plausibly Allege a Basis for the Exercise of Specific Jurisdiction Over AA Under CPLR. § 302(a)(3)............................... 9

    Plaintiffs' Reliance on Authority Construing Long-Arm Statutes  From Other States Is Misplaced ........................................................ 11

CONCLUSION...................................................................... 12

CERTIFICATE OF SERVICE ................................................ 13

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A. Millner Co. v. Noudar, LDA*,
266 N.Y.S.2d 289 (N.Y. App. Div., 1st Dep't 1966) ............................................................12

*Beacon Enterprises, Inc. v. Menzies*,
715 F.2d 757 (2d Cir. 1983)...................................................................................................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).................................................................................................................4

*Best Van Lines, Inc. v. Walker*,
490 F.3d 239 (2d Cir. 2007)..................................................................................................7

*Broadus v. Delta Air Lines, Inc.*,
101 F. Supp. 3d 554 (M.D.N.C. 2015) ...............................................................................11

*Burch v. Pioneer Credit Recovery, Inc.*,
551 F.3d 122 (2d Cir. 2008)..................................................................................................3

*Charter Commc'ns, Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*,
338 F. Supp. 3d 242 (S.D.N.Y. 2018)..................................................................................3

*Clarex Ltd. v Natixis Securities America, LLC*,
2012 WL 4849146 (S.D.N.Y. October 12, 2012) ................................................................4

*Cordice v. LIAT Airlines*,
2015 WL 5579868 (E.D.N.Y. Sept. 22, 2015) .........................................................6, 7, 11

*Covington v. Am. Airlines, Inc.*,
2023 WL 2648782 (D. Md. Mar. 27, 2023)........................................................................11

*D&R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*,
29 N.Y.3d 292 (2017) .............................................................................................................7

*Foman v. Davis*,
371 U.S. 178 (1962)................................................................................................................3

*Gelfand v. Tanner Motor Tours, Ltd.*,
339 F.2d 317 (2d Cir. 1964)..................................................................................................7

*H.B. v China Southern Airlines Co., Ltd.*,
2021 WL 2581151 (S.D.N.Y. June 23, 2021) ...........................................................4, 5, 7

*IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of
    Scotland Grp., PLC*,
    783 F.3d 383 (2d Cir. 2015) ..................................................................................... 3

*Indelible Media Corp. v. Meat & Potatoes, Inc.*,
    2012 WL 3893523 (S.D.N.Y. Sept. 7, 2012) ........................................................... 5

*Lensky v Yollari*,
    2021 WL 4311319 (S.D.N.Y. 2021) ......................................................................... 7

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
    673 F. 3d 50 (2d Cir. 2012) ...................................................................................... 4

*MacDermid, Inc. v Deiter*,
    702 F.3d 725 (2d Cir. 2012) ...................................................................................... 5

*Mendez v. U.S. Nonwovens Corp.*,
    2 F. Supp. 3d 442 (E.D.N.Y. 2014) .......................................................................... 3

*Minholz v Lockheed Martin Corp.*,
    227 F. Supp. 3d 249 (N.D.N.Y. 2016) .................................................................... 10

*Paterno v Laser Spine Institute*,
    24 N.Y. 3d 370 (2014) ............................................................................................ 11

*Selke v. Germanwings GmbH*,
    261 F. Supp. 3d 666 (E.D. Va. 2017) ...................................................................... 11

*In Re SSA Bonds Antitrust Litig.*,
    420 F. Supp. 3d (S.D.N.Y. 2019) .............................................................................. 4

*In Re SSA Bonds Antitrust Litigation*,
    420 F. Supp. 3d at 229 .............................................................................................. 4

*In re Sumitomo Copper Litig.*,
    120 F. Supp. 2d 328 (S.D.N.Y. 2000) .................................................................... 10

*In re Terrorist Attacks on Sept. 11, 2001*,
    714 F.3d 659 (2d Cir. 2013) ...................................................................................... 4

*Touchtunes Music Corp. v. Rowe Int'l Corp.*,
    847 F. Supp. 2d 606 (S.D.N.Y. 2012) ....................................................................... 3

*Whitaker v. Am. Telecasting, Inc.*,
    261 F.3d 196 (2d Cir. 2001) .................................................................................... 10

*Zito v United Airlines, Inc.*,
    523 F. Supp. 3d 377 (W.D.N.Y. 2021) .................................................................. 6, 7

**Statutes**

Md. Code, Cts. & Jud. Proc. § 6-103(b)(4)......................................................................11

N.Y. Civil Practice Law...............................................................................................2

**Rules**

CPLR. § 302(a)(2) ......................................................................................................9

CPLR. § 302(a)(3) ...................................................................................................9, 11

Federal Rule of Civil Procedure 12(b)(2) ...............................................................1, 4

Federal Rule of Civil Procedure 15(a)(1) ...................................................................3

NYCPLR. § 302(a)(1)............................................................................................6, 7, 9

Rule 12(b)(1)...............................................................................................................4

Rule 12(b)(6)...............................................................................................................3

Rule 15(a)(2)...............................................................................................................3

Defendant, American Airlines, Inc. ("**AA**"), submits this Memorandum of Law in Opposition to Plaintiffs' Motion to Amended the Complaint (ECF No. 26) **("Plaintiffs' Motion")**.

## PRELIMINARY STATEMENT

Plaintiffs' **Original Complaint** (ECF No. 1) attempted to assert a basis for this Court's exercise of general jurisdiction over AA.  AA's Motion to Dismiss the Original Complaint (ECF No. 20) seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, asserting that Plaintiffs have failed to plead a viable basis for the Court's exercise of general jurisdiction over AA.  Plaintiffs now seek leave to file a **proposed Amended Complaint** (ECF No. 29-7) in an effort to avoid dismissal of Plaintiffs' claims by asserting a basis for the Court's exercise of specific jurisdiction over AA.  The only new allegations in the Amended Complaint appear in paragraphs 7 and 8.  Otherwise, the proposed Amended Complaint is identical to the Original Complaint.

As argued below, however, the proposed Amended Complaint fails to plead non-conclusory facts which would permit this Court to exercise specific jurisdiction over AA for the unfortunate death at issue in this lawsuit.  Further, AA has provided evidence directly rebutting the conclusory jurisdictional allegations in the proposed Amended Complaint.  Leave to amend should, therefore, denied since the proposed amendment would be futile as it would not survive a motion to dismiss under Rule 12(b)(2).

## RELEVANT PROCEDURAL BACKGROUND

Plaintiffs' Original Complaint alleged that Kevin Greenidge ("**Greenidge**") suffered cardiac arrest while a passenger on AA's international flight from Honduras to Miami, Florida on June 4, 2022.  Compl. ¶¶ 7-8 & 15.  Plaintiffs allege that Greenidge's death was negligently caused by AA's:  1) failure to have a functioning onboard Automated External Defibrillator

("**AED**");[1]  2) negligent training of its employees; 3) medical negligence; and 4) other non-specific negligent acts or omissions.  *Id*. ¶¶ 16-18.  Plaintiffs assert causes of action for:  (I) Negligence/Gross Negligence Resulting in Wrongful Death; (II) Survivorship; and (III) Damages Under the Montreal Convention.  Plaintiffs' proposed Amended Complaint does not alter these allegations.

For jurisdictional purposes, Plaintiffs' Complaint originally alleged that: 1) Greenidge and his mother, Melissa Arzu ("**Arzu**") were residents of New York (Compl. ¶¶ 1-2); 2) AA is a Delaware corporation, with its principal place of business in a state other than New York[2] (*Id*. ¶¶ 3-4); and 3) that AA conducts substantial business in New York.  (Id. ¶ 6).  Plaintiffs' proposed Amended Complaint attempts to invoke the Court's exercise of specific jurisdiction over AA pursuant to N.Y. Civil Practice Law & Rules ("**CPLR**") §302(a)(1), (2) and (3).  In support of this effort, Plaintiffs' Motion alleges (only) the following: 1) the subject ticket was purchased in New York; 2) Plaintiffs live in New York; 3) Plaintiff departed from New York; 4) Plaintiff was planning on returning to his home in New York on a subsequent connecting flight at the time of his death; 5) AA failed to inspect and maintain the AED device "in any jurisdiction, including New York, at any time, violating [14] CFR §121.803…; and 6) Due Process is not offended…due to the significant contacts that [AA] has to New York.  Proposed Am. Compl. ¶¶7-8.

---

[1]  As demonstrated by the evidentiary showing discussed *infra*, the AED was inspected in Honduras prior to the departure of the flight on which Mr. Greenidge passed away, it was determined to be functioning normally at that time, and did in fact function normally when it later administered multiple electrical shocks to Mr. Greenidge in a valiant and prolonged effort to save his life.

[2]  *See* Pls.' Civil Cover Sheet (ECF No. 1-1).

## ARGUMENTS

### Rule 15(a)(2) Pleading Amendment Standard

Plaintiffs' Motion was filed after the deadlines specified in Federal Rule of Civil Procedure 15(a)(1) for amending as of right. Thus, Plaintiffs can only amend their Complaint with leave of court. *See* Fed. R. Civ. P. 15(a)(2).

Generally, a court should deny leave to amend only if there is "undue delay, bad faith…[or] futility." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Burch v. Pioneer Credit Recovery, Inc.,* 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman*, 371 U.S. at 182). AA, as the party opposing the proposed amendment, bears the burden of demonstrating good reason to deny the motion to amend. *Charter Commc'ns, Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO,* 338 F. Supp. 3d 242, 255-56 (S.D.N.Y. 2018).

### American Airlines' Burden to Demonstrate Futility Is the Rule 12(b)(6) *Twombly/Iqbal* Standard Supplemented with Evidentiary Support

Generally, where a proposed amendment is opposed on the grounds that it would be futile, the Court must assess "whether the proposed pleading would be able to withstand a dispositive pretrial motion." *See IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) ("[T]he standard for denying leave to amend based on futility is the same standard for granting a motion to dismiss."); *see also Touchtunes Music Corp. v. Rowe Int'l Corp.*, 847 F. Supp. 2d 606, 621 (S.D.N.Y. 2012) ("Proposed pleadings are futile when they would not be able to withstand a dispositive pretrial motion."). Thus, the futility of Plaintiffs' proposed Amended Complaint is to be assessed under the now familiar *Twombly/Iqbal* plausibility standard. *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014) (applying *Twombly's* plausibility standard to assess futility of proposed pleading amendment) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Specifically, the ***Twombly/Iqbal* plausibility standard applies** to assess whether a proposed pleading would be able to withstand any dispositive pretrial motion to dismiss, including a Rule 12(b)(2) motion, *see In Re SSA Bonds Antitrust Litig.*, 420 F. Supp. 3d (S.D.N.Y. 2019) (applying *Twombly* standard to assess Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction), and a Rule 12(b)(1) motion.  *Clarex Ltd. v Natixis Securities America, LLC*, 2012 WL 4849146, at * 5 (S.D.N.Y. October 12, 2012) (applying *Twombly/Iqbal* plausibility standard when determining 12(b)(1) motion to dismiss for lack of subject matter jurisdiction).

Applying the *Twombly/Iqbal* plausibility standard to the jurisdictional allegations in the proposed Amended Complaint, this Court must first disregard all conclusory jurisdictional facts alleged in the proposed Amended Complaint and may not draw "argumentative inferences" in favor of the Court's exercise of personal jurisdiction over AA.  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F. 3d 50, 59 (2d Cir. 2012) (citations omitted); *see also In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013)("conclusory non-fact-specific jurisdictional allegations or legal conclusions couched as…factual allegations will not establish a prima facie showing of jurisdiction."); *In Re SSA Bonds Antitrust Litigation*, 420 F. Supp. 3d at 229 ("A plaintiff may not rely on conclusory statements without any supporting facts as such allegations would 'lack the factual specificity necessary to confer jurisdiction.'") (quoting *Jazini v. Nissan Motor Co., Ltd*., 148 F. 3d 181, 185 (2d Cir. 1998)).

Second, since this Court has allowed jurisdictional discovery, **the Court can consider affidavits and other documentary evidence** proffered by the parties in support of or in opposition to the jurisdictional allegations.  *H.B. v China Southern Airlines Co., Ltd.*, 2021 WL 2581151, at *2 (S.D.N.Y. June 23, 2021) ("In deciding a motion to dismiss for lack of personal

jurisdiction, the Court may consider materials outside the pleadings, including affidavits and other written materials.") (citations omitted); *Indelible Media Corp. v. Meat & Potatoes, Inc.*, *2012 WL 3893523, at \*3 (S.D.N.Y. Sept. 7, 2012)* ("A court considering a motion to dismiss for lack of personal jurisdiction may consider 'all pertinent documentation submitted by the parties'").

Third, while this Court must ordinarily assume the veracity of Plaintiffs' jurisdictional allegations, it may not do so where those jurisdictional allegations are controverted by AA's evidence. *MacDermid, Inc. v Deiter*, 702 F.3d 725, 727 (2d Cir. 2012); *H.B.*, 2021 WL 2581151, at \*2.

If after disregarding conclusory jurisdictional allegations, declining to engage in argumentative inferences in favor of the exercise of personal jurisdiction over AA, and disregarding factual jurisdictional allegations controverted by AA's evidence, the proposed Amended Complaint fails to raise the prospect of the proper exercise of personal jurisdiction over AA above the speculative level, the requested amendment would be futile and must be denied—as argued below.

### The Proposed Amended Complaint Fails to Plausibly Allege a Basis for the Exercise of General Jurisdiction Over AA

Since the proposed Amended Complaint does not modify the general jurisdiction allegations present in the Original Complaint, it suffers from the same fatal defects as the Original Complaint. AA incorporates by reference, as if fully set forth herein, the arguments and authorities cited in its Motion to Dismiss the Original Complaint (ECF No. 20) and Reply in Support of AA's Motion to Dismiss (ECF No. 30), which is being filed concurrently with this Response.

**The Proposed Amended Complaint Fails to Plausibly Allege a Basis for the Exercise of Specific Jurisdiction Over AA Under CPLR. § 302(a)(1)**

CPLR § 302(a)(1) allows a court to exercise jurisdiction over a non-resident defendant "who in person or through an agent...transacts any business within the state or contracts anywhere to supply goods or services in the state" provided the cause of action asserted "arises from" that business.  CPLR §302(a)(1).

**This statute is inapplicable to Plaintiffs' overseas personal injury claims** since it is "typically invoked for a cause of action against a defendant who breaches a contract with plaintiff, or commits a commercial tort against plaintiff in the course of transacting business or contracting to supply goods or services in New York."  *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, [need pincite] (2d Cir. 1983); *see also Cordice v. LIAT Airlines*, 2015 WL 5579868, at *4 (E.D.N.Y. Sept. 22, 2015); *Zito v United Airlines, Inc*., 523 F. Supp. 3d 377, 384-385 (W.D.N.Y. 2021).  The proposed Amended Complaint does not assert a breach of contract claim against AA and does not allege that AA committed a commercial tort against Plaintiffs in New York.

Second, while AA does not contest that it transacts business within New York, **Plaintiffs' claims do not "arise from" AA's alleged New York business activities**.  The proposed Amended Complaint alleges three business activities of AA in New York: 1) the sale of decedent's airline ticket; 2) the decedent's departure from New York on a flight other than the flight on which he passed away; and 3) the failure to inspect and maintain the AED device "in any jurisdiction, including New York, *at any time.*"  *See* Proposed Amended Complaint (ECF No. 29-7, at ¶7).  None are sufficient to permit the exercise of jurisdiction over AA.

These alleged business activities must have a have a "substantial relationship" with the decedent's death in international air space outside of New York to support the Court's exercise

of personal jurisdiction over AA under CPLR § 302(a)(1). *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (A claim "arises from" business activity only where there is "a substantial relationship between the claim asserted and the [defendant's] actions that occurred in New York."). A substantial relationship exists "where at least one element [of the claim asserted] arises from the [defendant's] New York contacts." *Lensky*, 2021 WL 4311319, at *4, (citing *D&R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 29 N.Y.3d 292, 299 (2017); *Licci,* 20 N.Y.3d at 339-341).

The case law makes clear that the **purchase of an airline ticket in New York, by New York residents, calling for departure from New York** (singularly or collectively) does not have a substantial relationship to an injury or death occurring in international airspace outside of New York. *See Gelfand v. Tanner Motor Tours, Ltd*., 339 F.2d 317, 321-22 (2d Cir. 1964) (no specific jurisdiction where New York resident purchased bus ticket in New York and was injured on bus trip "three thousand miles from Long Island, New York."); *Lensky v Yollari*, 2021 WL 4311319, at *1, 4 (S.D.N.Y. 2021) (rejecting assertion of specific jurisdiction where the only connection to New York was that the Plaintiffs, who suffered injuries outside of New York, were New York residents traveling internationally to and from New York on tickets purchased in New York); *H.B.,* 2021 WL 2581151, at *4-5 (specific jurisdiction not established where New York resident purchased airline ticket in New York for international travel to/from New York and was injured in China on segment of her international flights); *Zito*, 523 F. Supp. 3d at 385 (specific jurisdiction not established where New York resident purchased airline ticket in New York and was injured in Florida upon departure of his return flight to New York); *Cordice*, 2015 WL 5579868, at *4 (no specific jurisdiction found since "the cause of action arises not from the sale of the ticket, but from an alleged tort that took place on a flight from Trinidad and Tobago to St.

Vincent.   The mere purchase of a ticket in New York is insufficient to establish personal jurisdiction based upon an injury that occurred elsewhere while travelling on that ticket.").

**AA's alleged "fail[ure] to inspect and maintain the AED device** in any jurisdiction, including New York, *at any time*" fails to satisfy the *Twombly/Iqbal* standard for multiple reasons.  First, this allegation does not state when, in relation to decedent's death, AA allegedly failed to inspect the AED in New York – *i.e.*, days, weeks, months, years or decades before his death.   Thus, the allegation is conclusory and it has no obvious "substantial relationship" to decedent's death on June 4, 2022.   Second, there are no facts plead from which one could conclude that the AED was never inspected anywhere, at any time.   Contrary to the arguments in Plaintiffs' Motion, and as argued in AA's Reply in Support of its Motion to Dismiss (ECF No. 30 at pp. 6-7) filed concurrently with this Response, the absence of documentary evidence of whether or when the AED device was inspected or maintained is not evidence that it was never inspected or maintained.   Thus, the allegation is conclusory for this additional reason.   Third, the allegation that the AED was never inspected or maintained in New York necessarily assumes that the AED at issue (on an aircraft flying between Honduras and Miami) was *actually present* in New York.   As argued above, this Court cannot supply missing jurisdictional allegations or make argumentative inferences in favor of exercising jurisdiction.   Fourth, the allegation that the AED was never inspected "in any jurisdiction, including New York, at any time" is directly contradicted by the declaration of Judy Blanchard (attached as **Ex. A**), the AA flight attendant who inspected the AED, pursuant to AA's written policies, at the commencement of the flight at issue and who found the device to be functioning properly before and during the flight when it used on the decedent.   Thus, as argued above, Plaintiffs' conclusory allegation that the AED was never inspected must be disregarded by this Court in assessing the futility of Plaintiffs' desired

pleading amendment.  Further, any alleged failure to inspect the AED in New York in the days, weeks, months, years, or decades prior to its evidenced inspection in Honduras hours before decedent's death does not have a "substantial relationship" to his death for purposes of satisfying the requirements of CPLR § 302(a)(1).

In sum, the jurisdictional allegations in the proposed Amended Complaint are legally insufficient to permit this Court's exercise of personal jurisdiction over AA under CPLR § 302(a)(1).

### The Proposed Amended Complaint Fails to Plausibly Allege a Basis for the Exercise of Specific Jurisdiction Over AA Under CPLR. § 302(a)(2)

CPLR § 302(a)(2) allows a court to exercise jurisdiction over a non-resident defendant who in person or through an agent...commits a tortious act within the state, except as to a cause of action for defamation," provided the cause of action asserted "arises from" that act.  CPLR. § 302(a)(2).   The only tortious act of AA occurring in New York alleged in the proposed Amended Complaint is the alleged failure to inspect and maintain the AED device "in any jurisdiction, including New York, at any time."  (Proposed Am. Compl. ¶7).  For all the reasons argued immediately above, this allegation is insufficient as a matter of law to permit this Court's exercise of personal jurisdiction over AA under CPLR § 302(a)(2).

### The Proposed Amended Complaint Fails to Plausibly Allege a Basis for the Exercise of Specific Jurisdiction Over AA Under CPLR. § 302(a)(3)

CPLR § 302(a)(3) allows a court to exercise jurisdiction over a non-resident defendant "who in person or through an agent...commits a tortious act without the state causing injury within the state so long as the tortfeasor…regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services render, in New York," provided the cause of action asserted "arises from" that act. CPLR § 302(a)(3).  The proposed Amended Complaint alleges various acts outside of New York

caused or contributed to the decedent's death including AA's failure to maintain the AED, inadequate training, medical negligence, etc. (Proposed Am. Compl. ¶¶18-20). For purposes of this Response, AA does not deny it regularly solicits and engages in business in New York.

However, the exercise of personal jurisdiction under this section is only permissible where the defendant's acts outside of New York *caused injury to a person or property within the State of New York*. *In re Sumitomo Copper Litig*., 120 F. Supp. 2d 328, 341 (S.D.N.Y. 2000) (quotation and citation omitted). To determine whether the "injury" occurred within New York, this Court "must generally apply a **situs-of-injury test**, which [focuses on the location of] the 'original event which caused the injury.'" *Whitaker v. Am. Telecasting, Inc*., 261 F.3d 196, 209 (2d Cir. 2001) (citing *Bank Brussels Lambert v Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791 (2d Cir. 1999) ("[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff.")) (emphasis added). The "original event (causing an injury) occurs where the **first effect of the tort that ultimately produced the economic injury is located**." *Minholz v Lockheed Martin Corp*., 227 F. Supp. 3d 249, 265 (N.D.N.Y. 2016).

The proposed Amended Complaint alleges only two "injuries"—one to the decedent when he died while in international air space between Honduras and Miami (Proposed Am. Compl. ¶10, 17, 19, 20, 22), and a collateral injury to his Estate derivative of the injury to the decedent (*Id*. ¶23). Prior to the decedent suffering cardiac arrest and passing away in international air space between Honduras and Miami, neither he nor his Estate had suffered the first effect of any tort or any element of any tort. The first effect of AA's alleged negligence was felt in international air space between Honduras and Miami, and not in New York, when the decedent passed away after suffering cardiac arrest inflight. It was at that time and in that

location that the decedent, and his Estate, first suffered the effects of AA's alleged negligence.

The possibility that the "injury" in international air space between Honduras and Miami was also

manifest in New York or had collateral consequences in New York is insufficient to demonstrate

that an injury occurred in New York for purposes of establishing personal jurisdiction over AA

under CPLR § 302(a)(3).  *See Cordice*, 2015 WL 5579868, at *5 ("If the injury occurs outside

New York and merely becomes manifest in New York, or has its greatest consequences in New

York, the statute is not satisfied."); *Paterno v Laser Spine Institute*, 24 N.Y. 3d 370, 381 (2014)

(no specific jurisdiction over defendant in New York where Plaintiff suffered medical

malpractice in Florida with continuing effects in New York).

Thus, the jurisdictional allegations in the proposed Amended Complaint are legally

insufficient to permit this Court's exercise of personal jurisdiction over AA under CPLR

§302(a)(3).

### Plaintiffs' Reliance on Authority Construing Long-Arm Statutes From Other States Is Misplaced

Plaintiffs' reference to cases from other states construing the long-arm statutes of other

states is misplaced.  Those cases are not binding on this Court and they are irrelevant to the

Court's application of New York's unique long-arm statute**.**  *Compare Broadus v. Delta Air

Lines, Inc*., 101 F. Supp. 3d 554, 558-59 (M.D.N.C. 2015) (analyzing North Carolina's long-arm

statute, under which "North Carolina courts are permitted to exercise "personal jurisdiction over

a defendant to the outer limits allowable under federal due process.") (citing N.C. Gen.Stat. § 1–

75.4); *Covington v. Am. Airlines, Inc.,* 2023 WL 2648782, at *3 (D. Md. Mar. 27, 2023)

(analyzing Maryland's long-arm statute, Md. Code, Cts. & Jud. Proc. § 6-103(b)(4)); *Selke v.

Germanwings GmbH*, 261 F. Supp. 3d 666, 670 (E.D. Va. 2017) (analyzing Virginia's log-arm

statute, which "extends personal jurisdiction to the constitutionally permissible limits.") with *A. Millner Co. v. Noudar, LDA*, 266 N.Y.S.2d 289, 293 (N.Y. App. Div., 1st Dep't 1966) (finding that by enacting its long arm statute "the Legislature has not extended New York's jurisdiction to the utmost constitutional limit.") (citing *Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 443, 457 (N.Y. 1965)).

## **CONCLUSION**

For the foregoing reasons, American Airlines, Inc. requests that this Court deny Plaintiffs' Motion for Leave to Amend the Complaint.  As explained above, the proposed Amended Complaint would not allow this Court to exercise personal jurisdiction over AA for Plaintiffs' claims and its filing would, therefore, be futile.

Dated:    August 11, 2023
              New York, New York

BUCHANAN INGERSOLL & ROONEY PC


 /s/ Kelly H. Kolb_____
Kelly Kolb (*pro hac vice*)
**BUCHANAN INGERSOLL & ROONEY PC**
401 E. Las Olas Blvd., Suite 2500
Fort Lauderdale, FL 33301
Phone: (954) 703-3900
kelly.kolb@bipc.com

Daniel Z. Rivlin (N.Y. I.D. 4054359)
Argia J. DiMarco (N.Y. I.D. 5603618)
**BUCHANAN INGERSOLL & ROONEY PC**
550 Broad Street, Suite 810
Newark, NJ 07102
Phone: (973) 424-9800
Fax: (973) 273-9430argia.dimarco@bipc.com
daniel.rivlin@bipc.com

*Attorneys for Defendant American Airlines, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of August, 2023, I caused to be electronically filed the foregoing Defendant's Memorandum of Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim with the Clerk of the Court via CM/ECF.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.  Parties may access the filing through the Court's CM/ECF System.

DATED:   New York, New York
            August 11, 2023

                          /s/ Kelly H. Kolb
                         Kelly H. Kolb

4889-9343-3974, v. 4