USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/31/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Melissa Arzu, et al.,

                                  **Plaintiffs,**

           -against-

American Airlines, Inc.,

                                  **Defendant.**

1:23-cv-02116 (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Presently before the Court are Defendant's motion, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint for lack of personal jurisdiction and failure to state a claim, and Plaintiffs' motion, pursuant to Rule 15(a), to amend the Complaint. (Def.'s 5/19/23 Mot., ECF No. 20; Pls.' 7/28/23 Mot., ECF No. 26.) For the reasons set forth below, Defendant's motion to dismiss is GRANTED and Plaintiffs' motion to amend is DENIED.

**BACKGROUND**

This is an action brought by Melissa Arzu ("Arzu"), individually, and as the Administrator of the Estate of Decedent Kevin Ismael Greenidge ("Greenidge" or "Decedent"),[1] against Defendant American Airlines ("Defendant" or "American Airlines")[2] arising out of Greenidge's death during Flight No. AA614 from Honduras to Miami International Airport on June 4, 2022 (the "Flight"). (Compl. ¶¶ 1, 8, 15, 17.) During the Flight, Greenidge suddenly went into cardiac arrest

---

[1] In June 2022, Arzu and Greenidge resided in Bronx County, New York. (Compl., ECF No. 1, ¶ 2.)

[2] American Airlines is incorporated in the State of Delaware and has its principal place of business in Fort Worth, Texas. (Def.'s Rule 7.1 Statement, ¶ 2, ECF No. 13; *see also* Compl. ¶¶ 3-4.)

and became unconscious. (*Id*. ¶ 15.) The Complaint alleges that, "as a consequence of [American Airline's] negligence in failing to maintain a working [defibrillator]" on the Flight, the death of Greenidge was "caused, permitted and/or hastened." (*Id*. ¶ 17.)

On March 13, 2023, Plaintiffs commenced this action. (*See* Compl.) On May 11, 2023, an Order was issued on the parties' consent referring disposition of this matter to the undersigned pursuant to 28 U.S.C. § 636(c). (5/11/23 Order, ECF No. 17.) On May 19, 2023, American Airlines filed a motion, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), seeking to dismiss the Complaint for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. (*See* Def.'s 5/19/23 Mot.)

On May 25, 2023, the Court held a telephone conference. (5/25/23 Tr., ECF No. 32.) During the conference, when the Court addressed the issue of personal jurisdiction, Plaintiffs' counsel argued that American Airlines was subject to personal jurisdiction in this case because, among other reasons, American Airlines issued a ticket to a New York resident; American Airlines availed itself of the New York courts on many occasions; and American Airlines conducted substantial business in New York. (*See id*. at 5-6.) Following the conference, the Court entered an Order setting a briefing schedule for the motion to dismiss and staying discovery, except for jurisdictional discovery. (5/25/23 Order, ECF No. 22.) The Order required Plaintiffs to file their opposition to Defendant's motion no later than July 14, 2023. (*See id*. ¶ 1.)

On July 13, 2023, the day before Plaintiffs' opposition was due, Plaintiffs' counsel filed a letter arguing that Defendant's responses to jurisdictional discovery were inadequate. (7/13/23 Pls.' Ltr. Mot., ECF No. 23.) Specifically, Plaintiffs argued that there was "ample evidence that American [Airlines] can certainly consider itself to be 'at home' in New York," and that Plaintiffs

2

"ha[d] not received a single shred of paper regarding the contacts that American Airlines has in New York." (*Id*. at 1-2.)

On the morning of July 14, 2023, the Court entered an Order scheduling a telephone conference later the same day to address Plaintiffs' Letter Motion. (7/14/23 Scheduling Order, ECF No. 24.) During the telephone conference, in order to resolve the issue regarding American Airlines' contacts with New York, Defendant's counsel agreed to stipulate that, for purposes of the motion to dismiss only, American Airlines had extensive business contacts, including significant physical infrastructure and thousands of employees in New York. (7/14/23 Tr., ECF No. 34, at 14.)

Also during the July 14 conference, Plaintiffs' counsel stated that the "only concern" and the "only issue" regarding the defibrillator device related to personal jurisdiction was whether American Airlines performed maintenance, repairs or testing of the device in New York. (*See* 7/14/23 Tr. at 23.) In response, Defendant's counsel represented that there was no indication that maintenance or repairs were performed on the device and that any testing of the device would have occurred when the crew arrived on the aircraft, as required by an operator's manual.[3] (*Id*.) Following the telephone conference, on the same day, the Court entered an Order extending Plaintiffs' deadline to respond to Defendant's motion to dismiss and stating that, for the purposes of the motion to dismiss only, "the parties stipulate that American Airlines has extensive business

---

[3] In opposition to Plaintiffs' motion to amend, Defendant submitted a Declaration of Judy Blanchard, who was a flight attendant on the subject Flight, stating that, prior to the departure of every flight, American Airlines' flight attendants are required by an inflight manual to inspect onboard defibrillators to insure that the status light is blinking green and that there is a green seal; and that, prior to the departure of the subject Flight, she checked the defibrillator and confirmed that the green light was blinking and that it had a green seal. (Blanchard Decl., ECF No. 31-1, ¶¶ 3-4.)

contacts, including significant physical infrastructure and thousands of employees, in New York." (7/14/23 Order, ECF No. 25.)

On July 28, 2023, Plaintiffs filed their motion to amend the Complaint "to add specific jurisdiction as a basis for personal jurisdiction in this matter as well as Long Arm jurisdiction under CPLR §302(a)(1)(2)(3) and due process" and their opposition to Defendant's motion to dismiss. (*See* Pls.' 7/28/23 Mot.; Pls.' 7/28/23 Mem., ECF No. 27.) On August 11, 2023, Defendant filed its reply with respect to its motion to dismiss and its opposition to Plaintiffs' motion to amend. (Def.'s 8/11/23 Reply, ECF No. 30; Def.'s 8/11/23 Mem., ECF No. 31.) On August 18, 2023, Plaintiffs filed their reply with respect to their motion to amend. (Pls.' 8/18/23 Reply, ECF No. 36.)

## LEGAL STANDARDS

**I.     Personal Jurisdiction**

    **A.     Rule 12(b)(2)**

On a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999)). "[T]he showing a plaintiff must make to defeat a defendant's claim that the court lacks personal jurisdiction over it 'varies depending on the procedural posture of the litigation.'" *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). Before jurisdictional discovery, a plaintiff's *prima facie* showing of jurisdiction "may be established solely by allegations." *Ball*, 902 F.2d at 197.

4

However, where jurisdictional discovery has been conducted, a plaintiff's *prima facie* showing must be "factually supported"; in other words, it must "include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996) (quoting *Ball*, 902 F.2d at 197). In assessing the plaintiff's showing, the court applies a "standard . . . akin to that on a motion for summary judgment," construing the "pleadings documents, and other evidentiary materials . . . in the light most favorable to the plaintiff and all doubts are resolved in its favor." *Melnick v. Adelson-Melnick*, 346 F. Supp. 2d 499, 503 (S.D.N.Y. 2004) (citations and internal quotation marks omitted).[4]

"[R]esolution of a [Rule 12(b)(2)] motion to dismiss for lack of personal jurisdiction made in the Southern District of New York requires a two-step analysis." *Bank Brussels Lambert*, 305 F.3d at 124. "First, the court must determine if New York law would confer upon its courts the jurisdiction to reach the defendant," such as under the New York general jurisdiction statute (*i.e.*, N.Y. Civil Practice Law and Rules ("CPLR") § 301) and the long-arm statute (*i.e.*, N.Y. CPLR § 302). *See id*. Second, if such a basis for jurisdiction exists, the court then must determine whether the extension of jurisdiction is permissible under the Due Process Clause of the Fourteenth Amendment. *See id*.; *see also Cortlandt St. Recovery Corp. v. Deutsche Bank AG*, No. 14-CV-01568 (JPO), 2015 WL 5091170, at *2 (S.D.N.Y. Aug. 28, 2015) (to make out *prima facie* case of general or specific personal jurisdiction, plaintiff must establish both "statutory basis" for jurisdiction and

---

[4] "When evaluating a motion to dismiss for lack of personal jurisdiction, courts 'may consider materials outside the pleadings, including affidavits and other written materials.'" *Commodity Futures Trading Comm'n v. TFS-ICAP, LLC*, 415 F. Supp. 3d 371, 380 (S.D.N.Y. 2019) (quoting *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015)).

that exercise of such jurisdiction accords "with constitutional due process principles" (quoting *Reich v. Lopez*, 38 F. Supp. 3d 436, 454 (S.D.N.Y. 2014)).

> B.  **General Jurisdiction**

General personal jurisdiction subjects a defendant to suit on all claims. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). In New York, pursuant to N.Y. CPLR § 301, general jurisdiction exists when a company "has engaged in such a continuous and systematic course of 'doing business' [in New York] that a finding of its 'presence' [in New York] is warranted." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (quoting *Landoil Res. Corp. v. Alexander & Alexander Servs.*, 77 N.Y.2d 28, 33 (1990) (alteration in original)). However, as noted above, even if general jurisdiction under N.Y. CPLR § 301 is satisfied, a court independently must ensure that due process is satisfied. *See DeLorenzo v. Ricketts & Assocs., Ltd.*, No. 15-CV-02506 (VSB), 2017 WL 4277177, at *6-7 (S.D.N.Y. Sept. 25, 2017), *aff'd sub nom. DeLorenzo v. Viceroy Hotel Grp., LLC*, 757 F. App'x 6 (2d Cir. 2018). Under the Due Process Clause, a corporation can "be subject to general jurisdiction in a state only where its contacts are so 'continuous and systematic' . . . that it is 'essentially at home' in that state." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (quoting *Daimler*, 571 U.S. at 139). "Aside from 'an exceptional case' . . . a corporation is at home (and thus subject to general jurisdiction, consistent with due process) only in a state that is the company's formal place of incorporation or its principal place of business." *Gucci Am., Inc.*, 768 F.3d at 135 (quoting *Daimler*, 571 U.S. at 139 & n.19).

C.   **Specific Jurisdiction**

Specific personal jurisdiction subjects a defendant to suit only on claims that arise from the defendant's conduct in the forum. *See Cortlandt St. Recovery Corp.*, 2015 WL 5091170, at *2; *see also Daimler*, 571 U.S. at 126-27. New York's specific (long-arm) jurisdiction statute states that "[a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent":

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

N.Y. CPLR § 302(a).

"The reach of New York's long-arm statute . . . does not coincide with the limits of the Due Process Clause." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244 (2d Cir. 2007). Thus, if there is no statutory basis for personal jurisdiction over a defendant under CPLR § 302(a)(2), the Court need not reach the question of whether the exercise of jurisdiction comports with constitutional due process. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. UPS Supply Chain Sols., Inc.*, 74 F.4th 66, 73 (2d Cir. 2023) ("Because New York's long-arm statute does not authorize personal jurisdiction over [defendant] in this action, we need not decide whether exercising such

jurisdiction would comport with constitutional due process." (citing *Best Van Lines*, 490 F.3d at 242)).

## II.   Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure provides that a court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 50 (2d Cir. 1991)).

## ANALYSIS

## I.   Defendant's Motion To Dismiss And General Jurisdiction

In their Complaint, Plaintiffs appear to assert general personal jurisdiction over Defendant based upon their allegations that Defendant's "registration as a foreign corporation and its conduct of substantial business by itself and through its subsidiaries in this state foreseeably connect it with the forum state of New York, such that defendant AMERICAN reasonably should anticipate being subjected to the jurisdiction of the Courts of this state."[5] (Compl. ¶ 6.) In its motion to dismiss, Defendant contends that the Court cannot exercise general jurisdiction over

---

[5] Any doubt regarding whether Plaintiffs were asserting personal jurisdiction over Defendant in their Complaint based upon general jurisdiction was put to rest by Plaintiffs seeking to amend their Complaint "to add specific jurisdiction as a basis for personal jurisdiction in this matter." (*See* Pls.' 7/28/23 Mot.)

Defendant under *Daimler* because it is not incorporated under the laws of New York State and it does not maintain its principal place of business in this State. (Def.'s Mem., ECF No. 21, at 3-4.) In Plaintiffs' opposition to Defendant's motion to dismiss, Plaintiffs fail to address general jurisdiction at all. (*See generally* Pls.' 7/28/23 Mem.) Because Plaintiff does not dispute Defendant's arguments against general jurisdiction, the Court deems Plaintiffs to have abandoned the assertion of general personal jurisdiction over Defendant. *Cf. McCormick v. Cnty. of Westchester*, No. 19-CV-02916 (KMK), 2023 WL 2632204, at *14 (S.D.N.Y. Mar. 24, 2023) ("Federal courts have the discretion to deem a claim abandoned when a defendant moves to dismiss that claim and the plaintiff fails to address in their opposition papers the defendant's arguments for dismissing such a claim."); *see also Colbert v. Rio Tinto PLC*, 824 F. App'x 5, 11 (2d Cir. 2020) ("[D]istrict courts frequently deem claims abandoned when counseled plaintiffs fail to provide arguments in opposition at the motion to dismiss stage.").

In any event, Plaintiffs have failed to meet their burden to establish that asserting general jurisdiction over American Airlines in this case would comport with due process. Defendant is neither incorporated in New York nor does it have its principal place of business in New York. (*See* Def.'s Rule 7.1 Statement). Thus, the Court cannot assert general personal jurisdiction over Defendant in this case. *See Gleissner v. Turk Hava Yollari Anonim Ortakligi*, No. 16-CV-08287 (JPO), 2018 WL 456296, at *3 (S.D.N.Y. Jan. 17, 2018) (no personal jurisdiction under *Daimler* where neither defendant's state of incorporation nor its principal place of business was in New York). There is nothing in the record to suggest that this is "an exceptional case" warranting the assertion of general jurisdiction over American Airlines. *See Daimler*, 571 U.S. at 139 & n.19.

Because the Complaint does not allege a basis for personal jurisdiction over Defendant, Defendant's motion to dismiss is granted.[6]

## II. Plaintiffs' Motion To Amend And Specific Jurisdiction

Plaintiffs seek to amend their Complaint to add specific jurisdiction as a basis for personal jurisdiction over Defendant. (*See* Pls.' 7/28/23 Mot.) As discussed below, however, Plaintiffs have not met their burden to establish specific jurisdiction over Defendant. Thus, because Plaintiffs' amendment would be futile, the Court denies Plaintiffs' motion to amend.

In their proposed Amended Complaint, Plaintiffs plead specific jurisdiction under CPLR § 302 on three bases: (1) the purchase of Decedent's airline ticket while in New York; (2) Decedent's flight itinerary, included flights with an initial departure from, and final arrival into, New York;[7] and (3) Defendant's failure to inspect and maintain the defibrillator "in any jurisdiction, including New York, at any time." (Proposed Am. Compl., ECF No. 29-7, ¶ 7.) Plaintiffs argue that personal jurisdiction is appropriate over Defendant under CPLR § 302(a)(1), (2) and (3). (*See* Pls.' 7/28/23 Mem. at 4.) The Court addresses each in turn.

The Court finds that the facts alleged in the proposed Amended Complaint do not establish specific jurisdiction under CPLR § 302(a)(1). In order for jurisdiction to exist under CLPR § 302(a)(1), Plaintiffs' causes of action must "aris[e] from" Defendant's transaction of business in

---

[6] Because the Court is granting the motion to dismiss on the grounds of personal jurisdiction, the Court need not, and does not, address the other grounds asserted by Defendant for dismissal of the Complaint. (*See* Def.'s Mem. at 9-14.)

[7] In support of their motion to amend, Plaintiffs filed a Declaration stating: "At the time of his passing, [Decedent] was on a flight from Honduras (San Pedro Aeropuerto Ramón Villeda Morales), to Miami, Florida, and he had a connecting flight from Miami to La Guardia airport. . . . Due to [Decedent's] incident, the Honduras-Miami flight ended up diverting and landing in Cancun, Mexico. . . . Ana Arzu[] purchased the ticket for [Decedent] from Pacheco Travel, a travel agency in Brooklyn, New York." (Arzu Declaration, ECF No. 28, ¶¶ 4-5.)

New York, which they do not. Plaintiffs' causes of action (*see* Compl. ¶¶ 22-51) arise from Decedent's death on the Flight, not from the transaction of any business by Defendant in New York.

As to the purchase of the airline ticket, "the mere purchase of a ticket in New York is insufficient to establish personal jurisdiction based upon an injury that occurred elsewhere while travelling on that ticket." *Zito v. United Airlines, Inc.*, 523 F. Supp. 3d 377, 385 (W.D.N.Y. 2021), *appeal withdrawn*, 2021 WL 2722709 (2d Cir. June 4, 2021). Similarly, travel that originates or terminates in New York is insufficient to support personal jurisdiction over an injury that occurred outside of New York during the course of travel. *See H.B. by Barakati v. China S. Airlines Co. Ltd.*, No. 20-CV-09106 (VEC), 2021 WL 2581151, at *4-5 (S.D.N.Y. June 23, 2021) (no specific jurisdiction where New York resident purchased airline ticket in New York for travel that originated and terminated in New York but where injury did not occur on flights that originated and terminated in New York). Finally, Defendant's alleged failure to inspect and maintain the defibrillator "in any jurisdiction, including New York, at any time," (*see* Proposed Am. Compl. ¶ 7) does not constitute the transaction of business in New York.[8] Accordingly, personal jurisdiction does not exist under CPLR § 302(a)(1).

CPLR § 302(a)(2) applies when a nondomiciliary commits a tortious act within New York. In the present case, however, the alleged tortious conduct is the failure to inspect and maintain the defibrillator "in any jurisdiction, including New York, at any time." (Proposed Am. Compl. ¶ 7.) Such tortious conduct did not occur in New York. "New York courts . . . have held that to

---

[8] Indeed, any failure to inspect the defibrillator on the subject flight would have occurred in Honduras prior to departure. (*See* Blanchard Decl. ¶ 4.)

qualify for jurisdiction under this subsection, a defendant's act or omission [must have] occur[red] within the State." *DirecTV Latin Am., LLC v. Park 610, LLC*, 691 F. Supp. 2d 405, 418 (S.D.N.Y. 2010); *see also Northrop Grumman Overseas Serv. Corp. v. Banco Wiese Sudameries*, No. 03-CV-01681 (LAP), 2004 WL 2199547, at *12 (S.D.N.Y. Sept. 29, 2004) ("The Second Circuit has interpreted § 302(a)(2) to require that the tortious act itself physically be performed within New York State." (alterations and quotation marks omitted) (citing, *inter alia*, *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 29 (2d Cir. 1997))). Since the tortious conduct did not occur in New York, there can be no jurisdiction under CPLR § 302(a)(2).

CPLR § 302(a)(3) permits personal jurisdiction over a non-domiciliary for a tort occurring outside of New York if it caused injury to a plaintiff within New York, so long as the non-domiciliary does business in the state. "[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990)). Thus, personal jurisdiction does not exist under CPLR § 302(a)(3).

Plaintiffs cite cases from other jurisdictions in support of their assertion of long-arm jurisdiction in this case. (*See* Pls.' 7/28/23 Mem. at 5-6; Pls.' 8/18/23 Reply at 4-5.) However, such cases are inapposite since they are based on state long-arm statutes that are coextensive with the limits of the due process clause, *see*, *e.g.*, *Broadus v. Delta Air Lines, Inc.*, 101 F. Supp. 3d 554, 558-59 (M.D.N.C. 2015) (North Carolina long-arm statute coextensive with due process clause); *Covington v. Am. Airlines, Inc.*, No. 22-CV-00725 (MJM), 2023 WL 2648782, at *2 (D. Md. Mar. 27, 2023) (Maryland long-arm statute coextensive with due process clause); *Selke v. Germanwings GmbH*, 261 F. Supp. 3d 666, 671 (E.D. Va. 2017) (Virginia long-arm statute coextensive with due

process clause), unlike New York's long-arm statute, which is more limited. *See Best Van Lines, Inc.*, 490 F.3d at 244 (New York's long-arm statute "does not coincide with the limits of the Due Process Clause").[9]

Because American Airlines is not subject to specific jurisdiction, an amendment to the Complaint to plead that jurisdictional basis would be futile. Therefore, Plaintiffs' motion to amend is denied.

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 20) is GRANTED, and Plaintiffs' motion to amend (ECF No. 26) is DENIED. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated:     New York, New York
           August 31, 2023

_____
STEWART D. AARON
United States Magistrate Judge

---

[9] Because New York's long-arm statute does not establish personal jurisdiction over American Airlines in this action, the Court need not reach the issue of whether exercising such jurisdiction would comport with constitutional due process. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 74 F.4th at 73.